## JOSIAH CLAWSON v. McCUNE'S ADMINISTRATOR.

1. LIMITATION OF ACTIONS, *Against Estates; Promise made by Administrator.* Where an administrator has made oral acknowledgments of a debt against the estate, and has orally promised to pay the same, and may have made some of such acknowledgments in writing, and may even have signed some of them, but has never made to the holder of such debt, or to any agent of his, any such acknowledgment or promise in writing signed by the administrator, or "by the party to be charged thereby," such acknowledgments or promises as were made, did not have the effect to suspend the running of the statute of limitations against such debt. And *quære:* could an administrator in any case, by any acknowledgment of a claim of over $50 against the estate, or by any promise to pay the same, suspend the operation of the statute of limitations against such claim?

2. PAYMENT OF CLAIMS AGAINST ESTATE, *by Administrator; Illegal Payment; Limitation of Action.* Where a demand against a decedent's estate is for more than fifty dollars, no payment can be legally made thereon until after such demand has been duly exhibited by the holder thereof, and has been duly allowed by some court; and where payments are made by the administrator on such a demand without the same ever having been exhibited or allowed as required by law, and without any oath or affidavit ever having been made or presented to either the administrator or the probate court stating that such demand was justly due after making allowance for all proper payments and set-offs, *held,* that such payments, so made by the administrator, are illegal, and will not have the effect to suspend the running of the statute of limitations against such demand.

3. ———— *Entire Demands, Not Divisible.* A single and entire demand against a decedent's estate of over fifty dollars cannot be split up into smaller demands of fifty dollars or less, so that the administrator may pay such smaller demands without the same first having been allowed by some court.

4. ———— Where a demand against a decedent's estate is for $100 or over, and interest thereon, and is founded upon one single past-due promissory note, such demand cannot be divided even into principal and interest so as to make it legal for the administrator to pay such interest without the same having first been allowed by some court.

5. ———— *Affidavit Required.* Where a demand against a decedent's estate is for fifty dollars or less, the administrator cannot even then legally make payments thereon until after an affidavit has been made and presented to him setting forth that such demand is justly due after making allowance for all proper payments and set-offs.

*Error from Leavenworth District Court.*

ACTION by *Clawson* against *Dean* as administratrix of the estate of Adam D. McCune, deceased, and another. All necessary facts are stated in the subjoined opinion. Trial at March Term 1876 of the district court. Judgment for defendants, and plaintiff brings the case here.

*H. T. Green,* for plaintiff.
*Pendery & Goddard,* for defendants.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought by Josiah Clawson as plaintiff against Margaret A. Dean and Zina Mason,

defendants. Margaret A. Dean was sued as an heir, and also as the administratrix of the estate of Adam D. McCune, deceased. Zina Mason was sued in his individual capacity. The action was on three promissory notes, and to subject certain land to the payment of said notes.

The first and principal question in the case is, whether said notes were barred by any statute of limitations before this action was commenced. There are a few other questions involved in the case, and several others involved in this main or principal question. It will be necessary to mention the particulars of only one of said notes. The last one due, and the smallest one in amount, was executed on the 15th of March 1865, by Adam D. McCune, for $100, payable on 15th March 1866, with interest at the rate of ten per cent. per annum. Zina Mason was an indorser, and a surety thereon. McCune, the maker, died August 15th 1866. James B. McCune was appointed his administrator on the 21st of August 1866. He made three payments on said note in 1868, to-wit, one on 14th of March, of $2.50; one on 15th March, of $27.50; and one on 7th August, of $65. He died August 29th 1868. On the 10th of September following, Margaret A. McCune, widow of said Adam D. McCune, was appointed administratrix *de bonis non* of her husband's estate. On the 28th of February 1871, she paid $10.07 on said note. On March 11th 1873, she paid $7.80 on said note. And on the 16th of November 1875, this action was commenced. Mrs. McCune never gave notice of her appointment as administratrix as required by the statutes. (Comp. Laws of 1862, page 523, § 74; Gen. Stat. of 1868, page 436, § 29.) Since her appointment she has been married again, and is now Mrs. Margaret A. Dean, one of the defendants in this action.

Under the acts relating to executors and administrators, all claims against an estate must be duly and legally exhibited to the administrator before they can be allowed, or classified, or paid. As the acts of 1859 and 1868 are precisely the same, so far as we shall

*Statement of facts.*

*Claims against estates; exhibiting and classifying.*

have occasion to refer to them, we shall refer only to the act of 1868 found in the General Statutes of that year, pages 429 to 472. Claims or demands against an estate can be legally exhibited only in one of three different ways: 1st, by duly reviving an action against the administrator which had previously been commenced against the decedent; (sec. 82 of said act;) 2d, by commencing an original action against the administrator; (sec. 83;) 3d, by serving a written copy of the demand upon the administrator; (sec. 84.) All demands which have been thus "legally exhibited" within three years after the granting of letters of administration, may, after such exhibition, be allowed, and classified, and paid; (sections, from 80 to 101.) But—

"No probate court shall allow any demand against any estate, unless the claimant first make oath in open court, or file an affidavit with such claim, stating to the best of his knowledge, and belief, he has given credit to the estate for all payments and off-sets to which it is entitled, and that the balance claimed is justly due. The affidavit in this section shall not be received as evidence of the demand, but the same shall be established by competent testimony before it is allowed or adjusted."—(Sec. 88.)

"The executor or administrator may [however] pay any demand against the estate, *not exceeding fifty dollars, in its regular order*, without the allowance of the probate court, *upon the same affidavit being made* as would be required by the allowance of the account by the probate court."— (Sec. 90.)

This allowance by the probate court can be made only after due notice has been given to the administrator; (*Scroggs v. Tutt*, ante, 271; sec. 91, et seq., of said act.) And it can be made only upon a *hearing* in the nature of a trial; (sec. 94, et seq.) And this hearing and allowance is an adjudication, and the whole proceeding taken together is a "suit," within the meaning of section 106 of said act; (*Hanson v. Towle*, 19 Kas. 273.) Section 106 reads as follows:

"No executor or administrator, after having given notice of his appointment, as provided in this act, shall be held to answer to the suit of any creditor of the deceased, unless it be commenced within three years from the time of his giving bond."

The general statute of limitations, (Gen. Stat. 633, civil code, §18,) would have barred any action on said notes within five years after they became due, unless something intervened to take the case out of the statute. Now as the holder of the demand in this case did not legally exhibit his claim within three years after the granting of letters of administration; and as he did not commence any suit thereon in any court within three years after the administrator or administratrix was appointed; and as he did not commence any action on said notes in any court within five years after the notes became due, is not his demand barred by all of said three different sections limitating actions? Is it not barred by the limitations prescribed in sections 81, and 106, of the act relating to executors and administrators, and by section 18 of the civil code?

I. With reference to the first limitation, (that embodied in said section 81,) we suppose that the plaintiff would say that the required exhibition of a demand against an estate is merely for the purpose of informing the administrator of the existence of such demand, and that, as the administrator in this case already had full knowledge of such demand there was no necessity for making any formal exhibition thereof to him. But the statute would seem to require more than merely giving notice to the administrator. The object of the statute in requiring the exhibition of a demand against an estate would seem more particularly to be, to get notice to the other creditors of the estate, and to the probate judge, so that all claims against the estate could be properly classified, and thereby be properly paid in the order of their priority. (See sections 80 and 85; also, *Hanson v. Towle,* 19 Kas. 279.) If this is the object of the statute, then a reasonably formal exhibition of all claims should be made. The language of the statute would also seem to indicate that a formal exhibition of the claim should be made. Thus the statute says, that the claim shall be barred unless it is "thus exhibited"—"legally exhibited;" that is, exhibited as prescribed by the statutes.

*Limitation of action against administrator, on note of decedent; exhibiting claim.*

But without deciding this question we shall pass to the next.

II. With reference to the second limitation, (that embodied in said section 106,) we suppose the plaintiff would say that Mrs. McCune, or Mrs. Dean, never gave any notice of her appointment as administratrix as required by the statute, (sections 29, 106;) and therefore the limitation embodied in said section 106 does not operate in this case. But as the plaintiff knew that she was appointed administratrix, and received payments from her as such administratrix, perhaps he cannot now raise the question as to whether her failure to give such notice would take this case out of the operation of said statute. (*Collamore v. Wilder*, 19 Kas. 67, 77, 78.) But upon this question we shall express no opinion.

*Notice by administrator of appointment.*

III. With reference to the third limitation, (that embodied in section 18 of the civil code,) the plaintiff actually claims that said payments and said acknowledgments took the case out of the operation of the statute. And this he does upon the strength of section 24 of the civil code. (Gen. Stat. 634, 635.) Said section 24 reads as follows:

*1. Promise by administrator.*

"In any case founded upon contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise; but such acknowledgment, or promise, must be in writing, signed by the party to be charged thereby."

Now no acknowledgment or promise was made in the present case that would take the case out of the operation of the statute. For while the administrator and administratrix may have orally acknowledged the debt against the estate, and may have orally promised to pay the same — while indeed they may have made such an acknowledgment in writing, and may even have signed the same — yet neither of them ever made to the holder of the claim any such acknowledg-

ment or promise in writing signed by either of them, or by the party to be charged thereby; and therefore they did not by any acknowledgment or promise which they may have made, suspend the running of said statute of limitations. (*Sibert v. Wilder*, 16 Kas. 176; *Hanson v. Towle*, 19 Kas. 273.) The acknowledgments and promises which they did make were either not made in writing, or not signed by them, or by the party to be charged, or not made to the holder of the claim, or to any agent of his. The only acknowledgment of the debt, in writing, signed by either of them, if any such acknowledgment was ever made, was an acknowledgment made to the probate court, and not to the holder of the debt. But would the signature of the administrator or administratrix be sufficient in such a case? The acknowledgment, or promise, in order to be of any force or value, must be "signed by *the party* to be charged thereby." Now is the administrator, or the *estate*, the "party" contemplated in such a case? Which is the "party" to be "charged?" If it is the estate that is to be "charged," then where does the administrator get his authority to sign for the estate? Can "the party to be charged," sign by or through an agent? We shall not decide any of these questions in this case, and yet, for the purposes of this case we shall assume that the signature of the administrator would be sufficient. (But see *Hanson v. Towle*, 19 Kas. 282.) Perhaps however the reasons hereafter given to show that certain payments made

2. Payments by administrators. by the administrator and administratrix are powerless to suspend the operation of the statute, will also show that any acknowledgments or promises that might be made by an administrator concerning demands of over fifty dollars would also be powerless to suspend the operation of the statute. It may certainly be questioned, whether an administrator could in any case, by any acknowledgment or any promise concerning any such a demand, suspend the operation of the statute against such demand. Said payments, we think, were void so far as they affect any question arising in this case. That is, they were void for the

purpose of suspending the operation of the statute of limitations. Said notes were never legally exhibited to the administrator. They were never classified by the administrator, nor by the probate judge. They were never allowed by any court. No oath or affidavit, setting forth that they were justly due and unpaid, and that there were no set-offs against them, was ever made, as is required by sections 88 and 90 of the administrators act. And each of them was for more than fifty dollars. Now by what authority did the administrator or administratrix make any of said payments? An administrator is not allowed to pay any demand of over fifty dollars, or any part thereof, until it has been allowed by some court. And he is not allowed to pay any demand of less than fifty dollars, or any part thereof, until said affidavit (mentioned in sections 88 and 90) has been made and presented to him. The statutes have therefore been violated in two particulars by making and receiving such payments—first, by the partial payment of said demand, although it was for more than fifty dollars and had never been allowed by any court; second, by the partial payment of said demand although no affidavit was ever made or presented as required by said section 90. It is true, that the most of the payments were for less than $50. But still each "demand" was entire, and was for more than $50. The least demand was for $100 and interest. And we hardly suppose that it will be claimed that a single and entire demand for more than $50 may be split up into smaller demands, of $50, or less, so that it would be legal to pay such entire demand by paying it in installments, when it would be illegal to pay it in its entirety. Could an administrator pay a one-hundred-dollar note by paying $50 at a time, when it would be illegal to pay the whole amount at once? Could he pay a thousand-dollar note in the same way, although it had never been allowed by any court? If he could, then he could easily evade the law requiring that all demands of over $50 should be allowed and classified before payment. He could pay a thousand-

3. Entire demands; partial payments.

dollar demand in twenty consecutive minutes by making a payment of $50 each succeeding minute. He might take twenty hours or twenty days however if he chose. If it be claimed however that a demand may be split up or divided into principal and interest, so that each would become a separate and independent demand, we would answer that we hardly think it could be done, except where the principal and interest are represented by separate instruments in writing. But if it could be done, and if each should then constitute a separate and independent demand, would the payment of one of such *separate and independent demands* suspend the operation of the statute of limitations as against the other? But the demand in this case was not so divided in fact. The first payment on the $100 note was for less than the amount of the interest then due thereon. Every other payment on said note was for more than the interest due at the time of payment. And the third payment was solely a payment on the principal, and was a payment of over $50. This is a fair sample of the payments made on the other two notes. And it must also be remembered that no affidavit was ever made showing that the amounts of these payments were justly due, or unpaid. Hence, even if a demand could be split up and then paid in installments, still the payments in this case were illegal. We think however that the amount due on each of said notes, including both principal and interest, was only a single demand — a single cause of action — and could not be split up or divided so as to constitute more than one demand for each note, and therefore that said payments would have been illegal even if said affidavit had been made and presented to the administrator. Now can the plaintiff have the operation of one statute suspended because he has been privy to the violation of another statute? Can he found rights upon the violation of a statute for which violation he himself is responsible? Can he become entitled to benefits because he violated the law? We think not.

*5. Affidavit required.*

It will be seen from the foregoing that an administrator

23 — 20 KAS.

cannot, by making payments on a demand of over $50, suspend the running of the statute of limitations against such demand. Whether he could, by making payments on a demand of $50 or less, suspend the running of the statute against such demand, we leave as an open question.

This disposes of the case in this court. We might say however that we think the question of whether the plaintiff could maintain an action against Mrs. Dean, as heir of Adam D. McCune deceased, and to subject her land to the payment of said notes, provided they were still not barred by the statute of limitations, falls under the decision in the case of *Johnson v. Cain*, 15 Kas. 532, rather than under the decision in the case of *Shoemaker v. Brown*, 10 Kas. 383. See also in this connection, *Collamore v. Wilder*, 19 Kas. 67. We do not think it is necessary however to decide this question.

*Liability of heir for ancestor's debt.*

The judgment of the court below will be affirmed.

All the Justices concurring.