H. J. WRIGHT, *Appellant,* v. JAMES STAGE *et al., as
Executors, etc., Appellees.*

No. 16,586.

EVIDENCE—*Transactions with Persons Since Deceased—Declarations against Interest.* In an action against executors for
services rendered to the testator the refusal to allow evidence
of his declarations concerning the matter in controversy to
be given by witnesses for the plaintiff held to have been
material error.

Appeal from Morris district court.    Opinion filed
November 5, 1910.    Reversed.

*M. B. Nicholson,* and *W. J. Pirtle,* for the appellant.
*John Maloy, C. A. Crowley,* and *W. H. Carpenter,*
for the appellees.

*Per Curiam:* H. J. Wright sued the executors to re-
cover the value of services rendered to Luke Stage in
his lifetime. The defendants claimed that the services
were performed under a contract which fixed Wright's
compensation, and that the full amount had been paid.
The plaintiff contended that no amount had been agreed
upon, and that the reasonable value of his services
exceeded what he had received. He produced a wit-
ness who testified to having had a conversation with
Stage about his services, the testimony concluding with

this question and answer, which the court on motion struck out as incompetent.

"Ques. Do you remember whether or not anything was said there as to what Mr. Wright was to receive, or if there was an agreement between them? Ans. He said there was no agreement between them."

The court also rejected an offer to show by other witnesses that Stage had stated that he was indebted to Wright for taking care of him and that the amount had not been fixed or agreed upon. The jury found against the plaintiff, and he appeals.

The appellees do not dispute that ordinarily in an action against executors for services rendered to the testator his declarations are competent evidence in behalf of the plaintiff. But they contend that the plaintiff was properly prevented from showing that there was no contract regarding his compensation, because he had already asserted that there was a contract. It is true that the plaintiff's counsel stated that he had a contract with the testator, covering other matters, but the claim that the amount to be paid for his services was not agreed upon was consistently maintained in his behalf.

It is also contended by the appellees that the verdict should stand because it implied a finding that the plaintiff had been fully paid—an issue which was properly submitted to the jury. If, however, the jury believed that there was an express agreement as to what the plaintiff was to receive, the conclusion that he had been fully paid naturally followed. Inasmuch as the rejected evidence bore directly upon the exact question in controversy and was vitally important to its solution, we must hold that the plaintiff has not been given a fair opportunity to prove his case, and a new trial is therefore ordered.