H. J. WRIGHT, *Appellant*, V. JAMES STAGE *et al.,' as
Executors, etc., Appellees.*

No. 17,438.

SYLLABUS BY THE COURT.

1. EXECUTORS AND ADMINISTRATORS—*Authority—Settlement of
Claims—Confessing Judgment.* An executor or administrator
has no authority to settle and pay a claim of more than fifty
dollars against the estate of the deceased without an allowance
by the probate court, nor is he authorized to bind the estate
by an offer to confess judgment for such claim, or by an ad-
mission of liability included in the offer, and if he does make
such an offer or admission it is not competent evidence against
the estate in an action upon the claim.

2. INSTRUCTIONS—*Evidence.* A request for a peremptory in-
struction to make a particular finding is properly refused
where there is substantial testimony inconsistent with the
theory of the request.

3. SPECIAL QUESTIONS—*Refusal—Not Error.* The refusal to
submit a special question, which in itself was proper, is held
not to be prejudicial error in view of other questions sub-
mitted and the general finding by the jury.

Appeal from Morris district court. Opinion filed
February 10, 1912. Affirmed.

*M. B. Nicholson,* and *W. J. Pirtle,* for the appellant.
*C. A. Crowley,* and *John Maloy,* for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: H. J. Wright presented a demand
in the probate court against the estate of Luke Stage
for services performed for Stage in his lifetime. An
appeal from the decision of the probate court was taken
to the district court where judgment in favor of the
executors of the estate of Luke Stage was rendered.
On a review here that judgment was reversed for a
trial error. (*Wright v. Stage,* 83 Kan. 445, 111 Pac.
467.) The case was remanded for another trial, which

was had, and the judgment was again given in favor of the executors.

The principal controversy was whether there was an express contract between Stage and appellant fixing the compensation for the services rendered, or, that no contract was made and appellant was therefore entitled to the reasonable value of the services. No pleadings were filed, and the case was tried on the demand exhibited in the probate court and the statements of attorneys. The executors filed in the probate court what is called an offer to confess judgment, which denied that the estate was indebted to the appellant for the sum demanded, or in any sum exceeding $900, but they offered to allow judgment to be taken against the estate for $1500 if appellant would consent to accept that amount. In the course of the last trial appellant offered in evidence a portion of the offer to confess judgment, as follows:

"Said executors further say that said estate is not indebted to said H. J. Wright in the said sum of $3,325.00 or in any sum approximating such amount, or in any sum or balance exceeding $900.00 for said alleged services rendered unto said deceased. But that these executors, conceding that there is a substantial balance due said claimant from said estate," etc.

The court refused the offer and error is assigned on the refusal.

Several grounds are urged why the offer was not admissible, only one of which will be noticed. It is argued that there was no authority in the representatives of the estate to make the offer or to bind the estate by the proposed allowance or confession. The statute provides that all allowances shall be made by the probate court with the single exception that a demand for $50 may be paid without allowance. It reads:

"The executor or administrator may pay any demand against the estate not exceeding fifty dollars, in its regular order, without the allowance of the probate court, upon the same affidavit being made as would be

Wright v. Stage.

required for the allowance of the account by the probate court." (Gen. Stat. 1909, § 3525.)

To have paid a claim of more than fifty dollars without allowance would have been a violation of the statute. Even the probate court can not allow a demand against an estate until the claimant files an affidavit that, after crediting the estate with all payments and offsets, there is a certain balance due. This affidavit can not be received as evidence of the demand. (Gen. Stat. 1909, § 3523.) The executor or administrator may waive notice of the presentation of the demand but he has no right to waive the requirement that the claim shall be exhibited and allowed by the court as the statute directs. He can not substitute a confession or allowance of his own for that of the court. It has been held that a payment by an administrator of a claim of more than $50, without presentation to or an allowance by the probate court, as required by law, was illegal. It was also ruled that a single and entire demand for a larger sum could not be split into $50 demands and paid by an administrator without allowance by the court. It was decided, too, that such payment, if made, could not be regarded as a valid acknowledgment of indebtedness that would suspend the running of the statute of limitation against the demand. (*Clawson v. McCune's Adm'r,* 20 Kan. 337.) Under the statute an offer or proposition to pay a claim of more than fifty dollars was beyond the power of the executors and, being illegal, it was not binding on the estate, nor was such offer competent evidence in the case. The theory of the statute is that all claims of more than fifty dollars must be presented to and pass under the scrutiny of the court and that the estate can not be bound by any offer or compromise which the representative of the estate may make. No error was committed in rejecting the offered testimony.

Error is assigned on the refusal to instruct the jury that the plaintiff was "entitled to recover for his

services from the 16th day of January, 1908, to and including January 23, 1908, whatever such services were reasonably worth, as shown by the evidence." This was asked on the theory that if there was a settlement on January 16, as some of the evidence tended to show, the services in caring for Stage from that time until he died was still due and should be paid for on the *quantum meruit* basis. This dispute which divided the parties was whether the services were performed under a contract or not. The jury found that an express contract was made by which their value was measured. The check issued in final payment of the services was delivered four days before Stage's death, and it can not be said that payment on the contract basis was not made for whatever services were rendered and to be rendered during the few days that remained for him to live. The court rightly refused to give the arbitrary instruction requested.

Complaint is made of the refusal to submit to the jury the following questions:

"Ques. 1. Was an oral agreement made between Luke Stage and the plaintiff on the Hammond farm on Gilmore Creek, before going on the Stage farm?

"Ques. 2. If you answer question No. 1 in the affirmative, then state if the amount of the compensation the plaintiff was to receive for his services in taking care of Luke Stage, was agreed upon?"

There was testimony of an agreement at the Hammond farm, where Stage lived with appellant for a short time before they moved to the Stage farm. It was therefore a proper subject of inquiry by a special interrogatory. If answered affirmatively, however, the anticipated answer to the second question would not have determined the real question nor would it have overthrown the general verdict. There was testimony of an agreement at the Stage farm, and the verdict may have rested on the later agreement if there was more than one made. The real question, as we have seen, was whether or not there was an express agreement,

and as the jury have found that there was one, the refusal to submit appellant's first question, which was a proper one, is not very material. It appears, too, that the question was substantially submitted in another form by the court and the jury were told that if the general verdict was in favor of the defendants it would not be necessary for them to answer the special question. On the whole, therefore, it can not be held that the refusal to submit appellant's special questions is material error.

Considering the character of the services shown to have been rendered, the compensation paid appears to have been very moderate, but two juries have found that the compensation was agreed upon by the parties and the final verdict of the jury has been approved by the trial court.

Finding no prejudicial error the judgment is affirmed.