No. 32,025

ANNA BRISTOW, *Appellee,* v. THE FIRST TRUST COMPANY OF WICHITA, Administrator of the Estate of Margaret Schindler, Deceased, and THE STATE OF KANSAS, ex rel. ROLAND BOYNTON, Attorney-general, *Appellants.*

(38 P. 2d 108)

Opinion filed December 8, 1934.

*Roland Boynton,* attorney-general, *W. C. Ralston,* assistant attorney-general, *L. A. Hasty, L. P. Brooks* and *Martin P. Shearer,* all of Wichita, for the appellants.

*Henry Lampl, Maurice Lampl, Robert C. Foulston, George Siefkin, Sidney L. Foulston* and *Lester L. Morris,* all of Wichita, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action against an administrator to recover for personal services rendered the decedent in her lifetime.

Margaret Schindler died March 15, 1930, and on March 17 the First Trust Company of Wichita was appointed administrator of her estate and duly qualified.

On March 5, 1931, Anna Bristow exhibited her claim to the administrator and filed the same in the probate court. The demand was exhibited under R. S. 22-705, and no notice as required by R. S. 22-712 was given, nor was there any waiver in writing as provided in R. S. 22-714. On March 13, 1931, the probate court set the claim for hearing on March 19, 1931. The record fails to show that the administrator was in court when the matter was set for hearing, and it seems to be conceded that it was not then in court. On March 19 the claimant appeared in probate court personally and by counsel, the appellants appearing by counsel. At this hearing, appellants by appropriate motions and demurrers raised the question that the claim was barred by the statute of limitations (nonclaim). The court ruled against their contention, the trial proceeded and a judgment allowing the claim followed. An appeal was taken to the district court and similar motions and demurrer were ruled on adversely to appellants, and claimant was given judgment. The appeal to this court followed.

While the specifications of error cover other matters as well, we shall confine our attention to the question of whether plaintiff's claim

was properly exhibited and established or was barred by the statute of nonclaim or of limitation.

The trial court made findings of fact and conclusions of law, which were superseded by amended findings and conclusions, and which, as far as here relevant, are as follows:

"3. On March 5, 1931, this claimant filed her claim in the probate court of said county which herein and in the trial of this case is known as exhibits 1 and 2. A copy of the claim was served on the administrator with a notice in writing stating the nature and amount thereof with a copy of the account on which said claim was founded. Counsel for claimant mailed a copy of exhibit 1, with notice, to counsel for administrator and to counsel for the state with letter of transmittal. The stenographer of counsel for claimant, in person, served a copy of such claim and the notice on R. D. W. Clapp, of the aforesaid trust company. That at the time the stenographer for counsel for claimant served notice on said R. D. W. Clapp, she called the attention of Mr. Clapp to the fact that a time for the hearing of the claim had not been set out in the claim itself, but that Mr. Lampl had said that it would be agreed upon at a later date; that Mr. Clapp stated that that would be satisfactory; that thereafter the probate court, on the 13th day of March, 1931, entered an order assigning said claim for hearing on the 19th day of March, 1931. On said 19th day of March all parties and their attorneys appeared for trial in the probate court.

"4. On said 19th day of March all parties appeared and announced themselves ready for trial, and the trial proceeded. After the opening statement of counsel for claimant, defendants moved to dismiss the action and claim because: First, it was not exhibited within one year as provided by statute; second, it was barred by the statute of limitations. The motion was overruled and the evidence introduced. At the close of the evidence the points were again urged by demurrer by counsel for defendants and the demurrer was overruled.

"5. On the 26th day of March judgment was rendered in the probate court at the close of said hearing. Defendants took separate appeals, which were separately docketed in the district court of said county, but were consolidated and tried together before the court, without a jury, by agreement of counsel and order of the court.

"6. In the district court the defendant presented the question of the bar of one-year statute of nonclaim and the statute of limitations by objecting to the introduction of evidence and demurring to plaintiff's evidence and by their answers."

The court concluded therefrom that the claim was exhibited in due time, and that the statute of limitations had not run against the claim.

Exhibits 1 and 2, referred to in the findings, were the duly verified claim of Anna Bristow, apparently made on a form prepared for making claims in the probate court, there being blanks thereon

which could be filled out and signed to show consent to a hearing by the probate court, or, properly filled and signed, would show the time the claim would be presented to the probate court for allowance. None of these blanks were filled or signed, but there was an affidavit of Blanche Maple that she served on the First Trust Company a copy of the demand and of the above notice. Evidently the fact there was no notice was overlooked when the affidavit was made.

As to whether the claim was properly exhibited, not much need be said, for here there is no question but that the claimant did exhibit her demand by serving upon the administrator a notice in writing stating the nature and amount of her claim, as required by R. S. 22-705, which is section 84 of the original 1868 act with reference to executors and administrators. Appellant's argument that written notice of a time when said claim would be presented for allowance not having been given under R. S. 22-712, the exhibition of the claim was not completed, is not good, the last-mentioned section having to do with the establishment of the claim and not the exhibition of it. Neither is there any question but that the claim was exhibited in time.

Consideration of the important question whether the claim was established in time requires an examination of pertinent statutes, and to facilitate a reference thereto both the present citation as well as the number of the section in the original act with reference to executors and administrators will be given.

R. S. 1933 Supp. 22-701 (orig. § 80) provides for the classification of demands, and, at present, the fifth and last class is "all demands without regard to quality which shall be legally exhibited against the estate within one year after the granting of the first letters on the estate."

R. S. 1933 Supp. 22-702 (orig. § 81) provides that all demands not exhibited as set forth shall, with exceptions not here important, be barred. It will be observed that the bar raised by the last section pertains to failure to exhibit the claim, about which we are not now concerned. The statutes provide three methods of establishing a claim. The first in order is R. S. 1933 Supp. 22-707 (orig. § 86), which reads:

"Any person having a demand against an estate may establish the same by the judgment or decree of some court of record, in the ordinary course of proceeding, and exhibit a copy of such judgment or decree to the probate

court; but the estate shall not be liable for costs in any such proceeding commenced within six months from the date of the letters of administration."

It will be noticed that it does not require an exhibition of the claim, and this because of a previous section, R. S. 22-704 (orig. § 83), which is:

"All actions commenced against such executor or administrator after the death of the deceased shall be considered demands legally exhibited against such estate from the time of serving the original process on such executor or administrator."

The second method pertains to allowance of claims not exceeding fifty dollars by the administrator and need not be noticed further. The third, and the one important here, is R. S. 22-712 (orig. § 91), which is as follows:

"Any person desiring to establish a demand against any estate shall deliver to the executor or administrator a written notice containing a copy of the instrument of writing or account on which it is founded, and stating that he will present the same for allowance to the probate court at a time to be therein named."

By the following section, R. S. 1933 Supp. 22-713 (orig. § 92), it is provided that:

"Such notice shall be served on the executor or administrator ten days before the presentation of the account to the court, and may be served by the party, his agent or attorney, or by any competent witness, who shall make affidavit to such service."

And R. S. 22-714 (orig. § 93) provides:

"The executor or administrator may appear in court, or by writing waive the service of any such notice."

The final section which we must note is R. S. 1933 Supp. 22-727 (orig. § 106), reading as follows:

"No executor or administrator, after having given notice of his appointment as provided in this act, shall be held to answer to the suit of any creditor of the deceased unless it be commenced within one year from the time of his giving bond."

It has been noted that claimant here desiring to establish her demand against the estate did not serve upon the administrator any written notice that she would present the same for allowance at a time therein named ten days before presentation of the account to the court, nor did the administrator by writing waive the service of any such notice as required by the three sections above quoted.

Did the fact that the probate court on March 13, 1931, set the hearing on the claim for March 19, 1931, and that at the last date

the administrator appeared, amount to such an appearance in court that the failure of claimant to give notice of intention to establish the claim, or to procure written waiver of service, is no longer of consequence? Did the fact that the administrator appeared in court after the bar of the statute had fallen bind the estate?

One of the first, if not the first, Kansas cases touching the point at issue, is *Collamore v. Wilder*, 19 Kan. 67. In that case an administrator was appointed May 3, 1864. The demand was exhibited July 25, 1866. Final settlement was had May 15, 1868. Probate and other proceedings were pending in Massachusetts, and it was claimed that when the demand in Kansas was exhibited it was agreed between the administrator and the claimant that no further action should be taken until litigation in Massachusetts was determined and that such determination should settle the matter of claimant's demand. In disposing of the matter, the court said:

"In this case, although the final settlement purports to have been had on March 12, 1867, a few weeks less than three years from the date the letters were granted, the administration was kept open till the discharge of the administrator in May, 1868, more than four years from the issuance of the letters of administration. The plaintiff in error had ample time and opportunity to have his claim allowed, and the lands subjected to the payment of the same during the lifetime of such administration. This he neglected to do. That he leaned upon a broken reed, in the way of an agreement which the administrator had not the power to make, is a mistake of law on his part for which the courts furnish no relief.

"We conclude that a creditor of an estate in the hands of an administrator or executor, must not only exhibit his demand against such estate within the three years prescribed by statute to obtain any recovery thereon, but he must do something more, and that is, before the final accounting and discharge of the administrator after three years have expired from the date of the granting of letters, he must have his demand allowed or established, and paid from the assets of the estate; and that he cannot merely exhibit his claim to the administrator, and then be passive, and permit the three years of administration to expire, and after a final accounting has been had, the administration closed, and the administrator discharged, seek in the district court to subject the lands descended to the heirs to the payment of his claims." (p. 81.)

In *Hanson v. Towle*, 19 Kan. 273, it was contended the claim was exhibited in November, 1871, but there was no presentation for allowance until April, 1875. The first, second and fifth paragraphs of the syllabus are:

"The exhibition of a claim to the administrator of an estate, made under section 84 of the act concerning executors and administrators, does not suspend or affect the running of the statute of limitations.

"Section 106 of said act limits the time in which a suit may be brought to establish a claim either in the probate or district courts.

"An administrator has no power by promise or acknowledgment to revive against an estate a claim once barred by the statute of limitations."

And in the opinion it was said:

"And in the absence of the *general statute*, both notes would have been barred by section 106 of the executors-and-administrators act, on September 14, 1874, three years after Towle's appointment. But to evade these statutes, the plaintiff in error contends, 'That the claim was exhibited in *substantial compliance* with section 84 of the executors-and-administrators act in November, 1871, and consequently before any question of limitation could arise.' Conceding that the evidence discloses full compliance with this section— though of this there is grave doubt—and still the bar of the statute is not removed. The section provides for exhibiting a claim against an estate, and says that certain things being done the claim shall be considered as 'legally exhibited.' But what is implied by this expression? and what is the purpose of the section? Nothing more than that the representative of the estate has been legally informed of the existence of the claim, and that the claims may be classified for payment in accordance with the provisions of section 80. By that section priority of payment is (within certain limits) given according to priority of exhibition, with the design, doubtless, of inducing a speedy presentation of claims, and an early settlement of the estate. By section 85, the administrator is required to keep a list of claims thus exhibited, and return it to the court with each annual settlement. But a mere notice from a creditor to a debtor, or the representative of a debtor, of the existence of a claim, ought not to stop the running of the statute. At least it should not be given that force without express direction of the legislature. Ordinarily it requires some act or conduct of the debtor to stop the statute. Nor is the exhibition of a claim under section 84 in any sense the commencement of an action. Sections 91 and 92 provide for the mode of commencing actions in the probate court to establish claims; and the ordinary procedure of petition and summons obtains in commencing such actions in the district court. The claim, though exhibited, may never be placed in suit. If under fifty dollars, the administrator is expressly authorized to pay it without suit or allowance. (Sec. 90; *McKinzie's Adm'x v. Hill, Adm'r*, 51 Mo. 304.)

"Again, this exhibition is only claimed to have been made in 1871, and this action was not commenced in the probate court until April, 1875, more than three years after the alleged exhibition as well as the appointment and qualification of Towle. But section 106 reads: 'No executor or administrator after having given notice of his appointment as provided in this act shall be held to answer to the suit of any creditor of the deceased unless it be commenced within three years from the time of his giving bond.' Counsel would limit the application of this section to suits in the district court; but the section expresses no such limitation. The word 'suit' is general, and includes proceedings to establish claims in the probate, as well as the district court. (2 Bouv. Law Dict. p. 558.) Nor does there seem to be any good reason for a limitation solely upon actions in the district court. If commenced in the probate, the

action can be taken on appeal to the district court, so that unless this section applies to both courts, it practically affects neither. But the language of the section is general, and we may not interpolate any restriction. *(Gilbert, Adm'r, v. Little, Adm'r,* 2 Ohio St. 156.)" (p. 278.)

In *Scroggs v. Tutt,* 23 Kan. 181, there was no exhibit of the claim within the then three-year period, but the court, in discussing the question, said:

"We also think that said claim was barred by section 106 of said last-mentioned act, which bars all claims against the estate which are not sued on within three years after the administrator's bond is given: provided, however, that the administrator gives proper notice of his appointment, as was done in this case. *(Hanson v. Towle,* 19 Kan. 273; *Clawson v. McCune,* 20 Kan. 337. See, also, *Collamore v. Wilder,* 19 Kan. 67.)" (p. 188.)

Over fifty years after the above cases were decided this court in *Forrester v. Falkenstien,* 129 Kan. 485, 487, 283 Pac. 623, said:

"Section 4 of chapter 161 of the Laws of 1925 (formerly G. S. 1868, § 106, and later R. S. 22-727) has always been held to apply to proceedings in district court as well as in probate court."

And quoted approvingly from *Hanson v. Towle,* supra, and *Scroggs v. Tutt,* supra.

In *Clifton v. Meuser,* 79 Kan. 655, 100 Pac. 645, defendant was appointed executor on December 18, 1903. On December 6, 1906, the claimant exhibited her claim and served notice that she would present it for allowance on December 18, 1906. By agreement the date of hearing written in the notice was changed to December 21. On that date the probate court continued the hearing to a date to be agreed upon by the attorneys, and on January 28, 1907, a hearing was had and the claim allowed. On appeal, the district court held the claim was barred. This court considered the question as to whether the service of the notice was in itself the equivalent of the commencement of an action, reviewed the statutes with reference to exhibit of a claim and some of the decisions heretofore mentioned, as well as the statutes with reference to establishing claims, and said:

"In the probate court practice under the sections quoted the notice to the administrator corresponds to the summons in an ordinary action, and by analogy with the procedure therein it must be held that a proceeding for the establishment of a claim against the estate of a decedent is begun whenever such notice has been served. It is not necessary that the controversy shall be decided or that it shall be submitted for decision before the expiration of the three-year period of limitation, or even that the day first set for a hearing shall fall within that period. Decisions might be cited in other jurisdictions

seeming to bear upon the question, either supporting or condemning the view just announced. But in fact they are based upon laws so different from our own as to be of little value as precedents here. It results from the conclusion reached that the demurrer to the evidence should have been overruled." (p. 657.)

*Milbourne v. Kelley,* 93 Kan. 753, 145 Pac. 816, involved the effect of an amendment to the law limiting the time for the exhibition and allowance of claims, and it was held that the fact the administrator knew a claim had been filed and had attempted to settle it did not suspend the statutes of limitations nor estop the administrator from relying on it, and in disposing of the matter it was said:

"Certain facts are alleged in the petition which it is contended estop the administrator from setting up the bar of the statute. It is stated that plaintiff's claim was filed in the probate court in January, 1911, and that the administrator had knowledge of the claim, and moreover, that the parties had made some efforts to settle it. It has been held, however, that no action of the administrator can suspend the statute, nor will any promise or acknowledgment of a claim by him have that effect. (*Collamore v. Wilder,* 19 Kan. 67; *Hanson v. Towle, Adm'r,* 19 Kan. 273; *Clawson v. McCune's Adm'r,* 20 Kan. 337; *Ætna Life Ins. Co. v. Swayze, Adm'r,* 30 Kan. 118, 1 Pac. 36.)" (p. 759.)

In *McDaniel v. Putnam,* 100 Kan. 550, 164 Pac. 1167, plaintiff alleged an oral agreement with decedent that he was not to attempt enforcement of payment during the lifetime of decedent's widow, and that a payment on account was made when the parties so agreed. It was held that a person could not by oral agreement with his creditor establish a different rule for presentation of claims than that prescribed by statute, and that the widow's death having occurred over two years (then the limitation) after appointment of the husband's executor, the claim was barred.

*Laupheimer v. Buck,* 137 Kan. 935, 22 P. 2d 949, involved a situation where claimant brought an action in time for recovery of specific real property, and upon failure to recover brought another action to recover on *quantum meruit,* it being contended by claimant that the first action having been brought in time, the requirements of the nonclaim statute were satisfied; that the claim was for services, different remedies being sought, and that the second action should relate back to the filing of the first action. It was held the actions were different, and that the second not having been brought in time, was barred.

The above cases might be supplemented and some others cited, but with the exception of the cases hereafter mentioned, they cover the field.

Perhaps the closest case in point to support appellee's contention that action on the claim was commenced in time is *Faler v. Culver*, 94 Kan. 123, 146 Pac. 333. In that case claimant filed his claim within time, but gave no written notice of the time it would be presented for allowance. While the case involved the effect of orders in a partition suit, we need not notice that feature. When an attempt was made to establish the claim in the probate court, it was contended that no notice had been given in the statutory period, and that service had not been waived in writing or by an appearance in the probate court. Thereafter that court made an order *nunc pro tunc* that the administrator appeared in court with claimant's attorneys and agreed on a time for hearing the claim and that this was done within the statutory period. This court said:

"The important question is, Did the proceeding occur—was there a waiver of notice by the appearance of the administrator? and if there was, then neither party should lose any rights by the failure of the judge to make a record of the proceeding. The proceedings and the orders made in the court are, of course, to be shown by its record, but in this case a *nunc pro tunc* entry was made by the probate court which showed an appearance and waiver by the administrator within the period of limitation, and, besides, there was other testimony which tended to support the record. It has been determined that if through accident, mistake or neglect a record is not entered of a proceeding had or an order made in the probate court it is competent for that court to correct or complete its record by a *nunc pro tunc* entry and that this power is not lost by lapse of time." (p. 125.)

In the case before us, it is not claimed that the administrator was in court when the claim was set for hearing.

Appellee relies, also, on *Hoover v. Hoover's Estate*, 104 Kan. 635, 180 Pac. 275, where a son, who was sole executor of his father's estate, failed within the statutory period to exhibit to himself as executor a claim based on a note dated July 15, 1913, and due four years and forty-five days thereafter. The son was appointed executor on December 20, 1913, and the time for exhibiting claims expired December 20, 1915. On trial it was stipulated that the only question at issue was whether the note had been exhibited within due time, and if the court so found judgment should follow. It was held, as sole executor, there was no person to whom he could exhibit his claim, and that the statute could not apply to him, and that the only effect of his failure to present his claim for allowance was to defer its classification. The force and effect of what is now R. S. 1933 Supp. 22-729, which provides that any creditor, whose right

of action shall not accrue within one year (then two years) after date of the administration bond, may present his claim at any time before the estate is fully administered, is referred to, but under the circumstances of the case was not relied on. It may be remarked that in that case, the note not being due until August, 1918, the last statute could have been applied, and it creates an exception to other statutes quoted above with reference to limitation of action, a situation not applicable to the case at bar.

In support of the trial court's ruling that the bar of the statute had not fallen, it is argued that the estate had not been finally closed, and that the appearance in court on March 19 was a waiver, and that the administrator, by not raising the question promptly when the hearing was begun, waived it. As we view the matter, there is no question but that the claim was legally exhibited; that the exhibition of the claim and the fact that the administrator was aware of the claim did not dispense with the claimant's complying with the statutory requirements preliminary to establishment of the claim; that no notice was served under R. S. 22-712, nor did the administrator waive in writing such notice; that the administrator did not appear in court in connection with the claim on March 13, at which time it was set for hearing; that the bar of the statute, R. S. 1933 Supp. 22-727, fell on March 17; that thereafter the administrator was without power to waive the statute; that the appearance in court contemplated by R. S. 22-714 is an appearance before the bar of the statute has fallen, and does not refer to an appearance later when the claim is resisted; that if the claim has become barred the administrator cannot by any act waive the bar, and the fact that the matter was not immediately called to the attention of the probate court is immaterial. We may say, however, that the trial court found (Finding No. 4) that the question was promptly raised in the probate court.

We are of opinion that the appellee's claim was barred by the statute of limitations, and that the trial court erred in overruling the appellants' demurrer.

The judgment is reversed, and the cause remanded to the trial court with instructions to sustain appellants' demurrer.