No. 31,425

BOSTON SAFE DEPOSIT AND TRUST COMPANY et al., *Plaintiffs,* v. T. B. BOYD et al., *Defendants.*

(61 P. 2d 1339)

Opinion filed November 7, 1936.

*T. M. Lillard, O. B. Eidson* and *Philip H. Lewis,* all of Topeka, for the plaintiffs.

*Clarence V. Beck,* attorney general, *W. B. Crowther,* of Salina, for the defendants.

The opinion of the court was delivered by

BURCH, C. J.: The proceeding is one of mandamus, by an intervenor in the case of *Boston Safe Deposit and Trust Co. v. Boyd,* 139

Kan. 411, 32 P. 2d 218, to require the state treasurer to refund succession taxes, assessed without authority and paid under protest. In that case, the court took jurisdiction over funds of the character indicated, received by the state treasurer and accounted for by him in a fund known as "The Protested Inheritance Tax Fund" (see *Kittredge v. Boyd,* 136 Kan. 691, 18 P. 2d 563), and the court retained jurisdiction to determine future controversies which might arise concerning claims upon the fund, and distribution of it.

In this instance the intervenor, as an executor of an estate, paid succession taxes under protest on April 27, 1931. The state had no authority to assess and collect the taxes (*First National Bank v. Maine,* 284 U. S. 312, 52 S. Ct. 174, June, 1932; *Kittredge v. Boyd,* 136 Kan. 691, 18 P. 2d 563, January, 1933). On June 21, 1933, and on application of intervenor, the state tax commission entered an order abating the taxes and directing the state treasurer to refund the money. The money had been deposited in failed banks, and restitution was delayed, as indicated in *Boston Safe Deposit and Trust Co. v. Boyd,* 139 Kan. 411, 32 P. 2d 218. Correspondence between the tax commission and the intervenor, and between the state treasurer and the intervenor followed, in which the delay was explained.

On June 18, 1934, the intervenor was informed by the state treasurer, in effect, that some funds were available for prorata distribution, but a decision by the attorney general and the tax commission was awaited, with respect to who could participate. Correspondence between the intervenor and the attorney general followed, and early in 1935 the intervenor was advised that his claim to reimbursement was denied.

The order of the tax commission of June, 1933, and the subsequent letters to the intervenor from the tax commission and the state treasurer led the intervenor to believe the tax would be refunded as soon as money was available. For that reason the intervenor delayed commencement of action to compel restitution until April 25, 1935.

Normally, the action was barred by the three-year statute of limitations (*Boston Safe Deposit and Trust Co. v. Boyd,* 139 Kan. 411, 32 P. 2d 218).

The tax commission had no authority over the fund. (*Frick v. Inheritance Tax Com.,* 139 Kan. 572, 32 P. 2d 221.) The order of the tax commission abating the tax and directing reimbursement of

the intervenor was without legal effect, and any subsequent references the tax commission may have made to reimbursement in letters to the intervenor were likewise without legal effect.

The intervenor contends the state treasurer acknowledged the debt, and consequently the statute of limitations was tolled; the state treasurer estopped himself to plead the statute of limitations; and the state treasurer waived the statute by not pleading it.

The state treasurer's answer to the intervenor's petition alleged the petition failed to state a cause of action. This was analogous to a general demurrer, and sufficiently raised the question of bar by limitation.

R. S. 60-312 reads as follows:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

While the basis for application of the statute of limitations is implied contract to restore funds in the state treasurer's hands which came there without authority of law, nothing he could say or do could change his status which, for convenience, has been described as "official stakeholder." What the state treasurer did was to keep the money out of the general fund, and hold it until claims upon it could be established and method of distribution could be determined. He was without authority to make any binding promise to pay the money, and he was without authority either to create or to enlarge liability by any acknowledgment of existing liability, debt or claim. Likewise, he could not by writing or other form of conduct, create an estoppel to plead the statute of limitations.

The result of the foregoing is, the intervenor's proceeding is barred by the statute of limitations, and the relief prayed for is denied.