No. 34,290

Louis Hammond, *Appellant*, v. Estate of G. F. Hammond, Deceased,
*Appellee.*

(91 P. 2d 19)

Opinion filed
June 10, 1939.

*George J. Little,* of Topeka, for the appellant.

*Owen S. Samuel,* of Emporia, *Alex Hotchkiss* and *A. K. Stavely,* both of
Lyndon, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This is an appeal from a ruling sustaining a demurrer
to evidence.

On May 13, 1938, Louis Hammond filed in the probate court a
claim against the estate of his deceased father for sixty months'
labor at $50 per month, from November, 1924, to November, 1929,
amounting to $3,000, and for moneys advanced on February 11,
1931, amounting to $199.11, with interest on the total. Credits were
noted consisting of $175 paid in September, 1925, a yearling heifer
sold August 7, 1935, and check for $12.41 on January 10, 1934. A
demurrer was sustained to claimant's evidence and he appealed to
the district court.

In the district court the claimant filed a bill of particulars, setting forth an oral contract of employment with his father on November 5, 1924, to labor on the father's farm at an agreed wage of $50 per month; that the employment continued for sixty months until the father had a public sale and moved to Texas; that the father was without funds to pay claimant, and it was then agreed between the father and claimant that claimant should be paid out of the father's estate upon his decease. Credits were set forth, as in the original claim, and recovery of the balance was asked. The executor of the father's estate filed an answer consisting of a general denial and of an allegation that if claimant had ever been employed as alleged he had been paid in full.

At the conclusion of claimant's evidence in support of his demand, the executor interposed a demurrer on the principal ground the claim was barred by the statute of limitations. This demurrer was sustained and the claimant appeals to this court. Appellant has failed to include in his abstract any specification of error, but in his brief he contends that the defendant waived the bar of the statute of limitations by failure to plead it, and if he had pleaded it, it would not avail, as the statute did not begin to run until the death of the father, and the claim was filed within one year from the date of death.

It will be observed that the claim as filed in the probate court was based on a hiring under oral contract which began in November, 1924, and was completed in November, 1929, and would have been barred by the statute of limitations in November, 1932, unless by reason of the claimed credits, and that by the bill of particulars a second contract is introduced, that is, that claimant was not to be paid until after his father's death. We shall assume that claimant sustained the burden of proving the original contract.

Appellant contends that by not pleading the bar of the statute of limitations the executor waived it, and it was unavailable to the executor in connection with the ruling on the demurrer. Appellant relies on *Chellis v. Coble*, 37 Kan. 558, 15 Pac. 505; *Beachy v. Jones*, 108 Kan. 236, 195 Pac. 184; and *Boston Safe Deposit Co. v. Boyd*, 144 Kan. 429, 61 P. 2d 1339, and a quotation from 37 C. J. 1215. Each of the above decisions was in an action regularly filed by a plaintiff against a defendant and triable under the code of civil procedure.

In the instant case a different procedure was applicable and was

followed. The claim was filed in the probate court. Under the statutes with reference to the exhibition and establishment of claims against estates of decedents the claimant must file his claim under oath. The statute reads:

"The affidavit in this section shall not be received as evidence of the demand, *but the same shall be established by competent testimony before it is allowed or adjusted.*" (G. S. 1935, 22-709, italics inserted.)

The probate code prevents a default judgment on a claim, and there is no provision for any answer or other pleading by an executor or administrator. If, in the proof of the claim, it develops it is barred, it is the duty of the probate court to disallow the claim—the executor has no power to waive it. (See *Hanson v. Towle, Adm'r,* 19 Kan. 273, 282; *Bristow v. First Trust Co.,* 140 Kan. 711, 721, 38 P. 2d 108.) And on appeal to the district court the same situation would obtain. The fact the answer of the executor to the bill of particulars filed in the district court did not plead the statute of limitations does not alter the situation. The executor was without power to waive it, whether by inadvertence or by intention.

We shall first consider the oral contract of employment made in November, 1924, and terminated in November, 1929. Waiving any question whether the statute of limitations might have run on the amount due each month, it is quite clear that it begun to run on any amount due as of November, 1929. It is claimed it did not run by reason of payments made. The burden of proving those payments was on the claimant. The item of $175 paid in September, 1925, obviously cannot help. There was no proof that any check was given or other payment made on January 10, 1934. With reference to the credit of $18 for the heifer allegedly sold to claimant by his father on August 7, 1935, and assumedly not paid for by claimant, there is an entire lack of evidence as to whether it was a payment to apply on the loan of $199.11 made in February, 1931, the amount due for unpaid wages, or on any specific debt. But further than that, the testimony most favorable to claimant was that of his mother, who said he got the calf in 1935. She did not specify any month and there was no proof that it was within three years immediately preceding the filing of the claim on May 13, 1938. Although discrepancies in testimony are not to be considered in determining sufficiency of testimony, we observe that on cross-examination the mother stated the calf transaction was in 1928.

What of the agreement allegedly made in November, 1929, that

the amount then due was to be paid out of the father's estate at his death? The testimony goes no further than that the father had told his wife, his daughter and a friend that he couldn't pay his son and would have to pay him out of his estate. There is no testimony the father ever told his son anything about payment in the future or that there was an agreement between them as to payment out of the father's estate at his death or any other time. Had the latter elements been proved, it is doubtful if the agreement would have been enforceable, not being in writing. The supposed agreement was made, not at the beginning of the employment, but at the termination thereof, and at a time when what was claimed to be due was an existing liability, debt or claim. Under such circumstances, in order to be enforceable, the acknowledgment of the existing liability, debt or claim must be in writing, signed by the party to be charged thereby. (G. S. 1935, 60-312; *Stone v. Barr,* 111 Kan. 775, 779, 208 Pac. 624.)

The order of the trial court sustaining the demurrer was not erroneous, and it is affirmed.