No. 34,320

Beva Marie Lane, *Appellant,* v. The Estate of Albert Lee Wells (Deceased), Paul Wells, Executor, *Appellee.*

(92 P. 2d 9)

No. 34,321

Rex Lane, *Appellant,* v. The Estate of Albert Lee Wells (Deceased), Paul Wells, Executor, *Appellee.*

Opinion filed July 8, 1939.

*J. L. Stryker* and *W. H. Edmundson,* both of Fredonia, for the appellants.

*D. J. Sheedy,* of Fredonia, *LeRoy Bradfield,* of Neodesha, and *Ora D. Mc-Clellan,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

Thiele, J.: The question in the above appeals is whether certain demands against a decedent's estate were barred by the statutes of nonclaim (G. S. 1935, 22-702, 22-729). Although two demands were involved, the question now presented is the same with respect to both, and we shall limit our statement to that of Beva Marie Lane, omitting reference to all matters not bearing on the particular question being considered.

One Albert Lee Wells died testate on April 7, 1937, and thereafter on April 20, 1937, his will was duly admitted to probate and his son appointed as executor. He qualified and gave proper notice of his appointment. It appears that on June 19, 1937, Beva Marie Lane filed her demand in the probate court, but it was not until July 13, 1937, that she exhibited to the executor her written verified demand. She did not give any notice under G. S. 1935, 22-712, that the demand would be presented to the probate court for its allowance at a time specified, for the reason, apparently, the exec-

utor, in writing, had acknowledged exhibition and waived service of notice of presentation of the demand. After the expiration of one year from the date of exhibition and on July 23, 1938, the probate court set the demand for hearing. Within a few days the executor, by motion to dismiss and by demurrer, raised the question the demand was barred by the statutes of nonclaim. The probate court ruled adversely to the executor and ultimately allowed the demand. The executor appealed to the district court, where he filed another motion to dismiss and another demurrer, both raising the same question as in the probate court. The district court ruled in favor of the executor that the demand was barred by the statutes of nonclaim, and the claimant appeals.

In *Bristow v. First Trust Co.*, 140 Kan. 711, 38 P. 2d 108, this court considered the question of the steps necessary to be taken by a claimant to establish his demand against the estate of a decedent in order that he might avoid a defense the statute of nonclaim has barred his demand. There is no present need to review all that is said there. In that case it was held that mere exhibition of a claim did not suspend or affect the running of the statutes of nonclaim nor the necessity of the claimant's complying with statutory requirements preliminary to establishment of a claim; that the bar of the nonclaim statutes would fall after one year from the date of appointment of the executor or administrator, and that the executor or administrator could not by any act or acknowledgment waive the bar of the statute. In that case the claimant had not served any notice of presentation and the administrator had not in writing waived such notice, nor had he, prior to the expiration of the one year, appeared in court when the demand was set for hearing. Appellant calls attention to the fact that in that opinion it is stated some four or five times the administrator did not waive notice of presentation, while in the instant case there was such waiver, and she seeks to make a distinction on that account. It is true that in the Bristow case reference was made to failure to procure a signed waiver; that was the factual situation there and it was not to be ignored.

Appellant also calls our attention to *Clifton v. Meuser*, 79 Kan. 655, 656, 100 Pac. 645. In that case the demand was duly exhibited and notice of hearing was duly given. The date fixed for hearing was within the statutory period. Two continuances were had, the hearing being actually held after the bar of the nonclaim statute had

fallen. It was decided that the service of the written notice fixing a date when the demand would be presented to the probate court for allowance would be deemed to be commencement of an action so as to stop the running of the nonclaim statute, and that it was not necessary that it be decided or submitted for decision before the expiration of the period of limitation. An analogy is drawn between such procedure and the issuance of summons in an ordinary action. That analogy, however, cannot be too extended, for it is well recognized that an executor or administrator is without power to waive the statute of limitations or of nonclaim. (See *Bristow v. First Trust Co.*, supra, and cases cited, and *Hammond v. Estate of Hammond*, ante, p. 113, 91 P. 2d 19.)

Does it follow, however, that mere waiver of service of notice by an executor or administrator is sufficient to permit the claimant, without more, to await a time after the bar of the statute would otherwise have fallen, to go into probate court and have a hearing set for the allowance of his demand?

On the contrary, does it mean any more than that the executor or administrator waives his right to ten days' notice before he can be forced to a hearing on allowance of the demand, and that he consents it may be presented at any time within the statutory period, and not afterwards, bearing in mind that if presented in time, continuances after the first hearing date and final submission after the period had expired do not prevent a judgment on the claim?

If appellant's contention be correct, the mere waiver of notice by the executor or administrator would permit a claimant to withhold presentation until immediately before the estate was finally closed which, for good cause shown, might be delayed for months or years. The result would be that by indirection, an executor or administrator could waive the statute of limitations.

The purpose of the statutes with reference to estates of deceased persons is that their property may be gathered together, the assets collected, the debts paid, so that what remains may be delivered to the legatees, devisees, heirs and distributees, as the case may be. A comparatively speedy result is contemplated. The statutes of nonclaim require creditors to be vigilant and alert.

Our conclusion is that where a claimant against the estate of a deceased person exhibits his demand to the executor or administrator and procures from him a waiver of the ten days' notice of presentation of the demand to the probate court, in order to avoid the bar of

the statute of nonclaim, he must, within the statutory period present his demand to the probate court and cause it to be set for hearing. The judgment of the district court was correct and is affirmed.