Mitchell v. Aten.

---

DAVID T. MITCHELL v. C. M. ATEN.

1. CONSTRUCTIVE SERVICE; *Irregular Judgment.* After constructive service is had upon the defendant, in accordance with the provisions of the statute, the fact that he is not given all the time allowed by the notice, to plead to the action, does not render the judgment taken by default against him void. A judgment thus rendered is irregular only.

2. AGENCY — *Negligence* — *Deed Subject to Mortgage.* Where a mortgage and deed were executed by the same grantor upon the same day and upon the same premises, to different parties, and the mortgage made no reference to the deed, nor the deed to the mortgage, and the agent of the party taking the mortgage was guilty of negligence or bad faith in not recording the same until after the deed was filed for record, such agent cannot, by purchasing from the grantee of the deed, be considered an innocent and *bona fide* purchaser, because the priority of the record of the deed is founded upon his own negligence or wrong, and in taking title under the deed he takes the land subject to the rights of the mortgagee for whom he acted as agent in taking and recording the mortgage.

*Error from Osage District Court.*

ACTION to quiet title to certain real estate. Judgment for plaintiff *Aten* at the August Term, 1885. The defendant *Mitchell* brings the case here. The opinion states the material facts.

*A. J. Utley,* for plaintiff in error.

*J. W. Lord,* for defendant in error; *Wm. Thomson,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially as follows: On November 23, 1858, William J. Turner was the owner of the real estate in controversy; upon that day he executed a mortgage upon the real estate to Henry Aten, to secure the payment of two hundred dollars, which mortgage was recorded on December 2, 1858; upon the same day he conveyed to John N. Jefferson the real estate by warranty deed, which was recorded November 29, 1858. Henry Aten assigned his mortgage to C. M. Aten, who brought an action to foreclose the same and recovered judgment thereon, October 13, 1862. In that action William J. Turner and Henry Aten were made defendants. Under a sale upon the foreclosure of the mortgage, C. M. Aten obtained a sheriff's deed to the real estate, on December 12, 1863. David T. Mitchell obtained a warranty deed of the real estate from John N. Jefferson, on March 28, 1884. C. M. Aten filed his petition against David T. Mitchell

for the purpose of quieting title in himself to said real estate. Upon the trial the court rendered judgment for the plaintiff, as prayed for. Mitchell excepted, and brings the case here.

The foreclosure proceedings in the action of C. M. Aten against William J. Turner, *et al.*, were received in evidence, without objection. After the argument of the case the plaintiff moved to strike from the evidence this record, for the reason that it was not signed by the district judge. This motion was sustained, and this ruling is complained of. The record was offered by Mitchell to prove that the judgment of foreclosure under which Aten claimed title was absolutely void. This upon the ground that the judgment was taken by default, on October 13, 1862, when defendants had twenty days after October 25, 1862, in which to appear and answer.

It is not necessary for us to pass upon the question whether the district court erred in refusing to consider as evidence the record of the foreclosure case of Aten *v.* Turner, *et al.* Turner was notified by publication to appear and answer the petition on or before twenty days after October 25, 1862. The service of publication was completed prior to October 13, the date of the judgment. Judgment was not rendered, therefore, until several days after service. Jurisdiction having been obtained, the fact that the judgment was rendered sooner than it should have been does not make the judgment void; a judgment thus rendered is irregular only. It might have been set aside by motion, or upon proceedings in error, but the judgment is not vulnerable to a collateral attack. (Code, § 569; Freeman on Judgments, §§ 119, 126, 135; *Town of Lyons v. Cooledge,* 89 Ill. 529.)

1. Constructive service; irregular judgment.

The next complaint is, that the findings of fact of the trial court do not support the conclusions of law. It is said that as the mortgage and the deed were both executed and acknowledged November 23, 1858, and as there is no reference in the mortgage to the deed, or in the deed to the mortgage, it must be presumed, in the absence of proof to the contrary, that the grantees acted in good faith; and as it appears that the deed was recorded November 29, 1858, and the mortgage Decem-

ber 2, 1858, the prior record of the deed to Jefferson gave him the superior equity, and therefore that the mortgage never had any validity as to Jefferson, or to Mitchell claiming under him.  If we were to presume that the mortgage and deed were delivered at the same time, it would necessarily follow that the grantees knew of the existence of the two instruments, and it would be a natural conclusion to say that Turner gave the mortgage first, and then sold the land to Jefferson with the understanding that he should pay the mortgage, as his warranty would oblige him to do.   This view would be in favor of holding that Turner acted in good faith to all parties.   But aside from this, the finding of the trial court that Mitchell was the agent of Aten in taking the mortgage from Turner, November 23, 1858, and was also his agent in recording the same, fully sustains the judgment rendered.   The statute relating to the filing and recording of conveyances of real estate protects no one but innocent and *bona fide* purchasers and holders.   If it be true that Jefferson had the superior equity on account of the priority of the record of his deed, he obtained this equity by the negligence or bad faith of Mitchell.   It was the duty of Mitchell, as the agent of Aten, to have filed for record the mortgage within a reasonable time after it came into his possession.   If Mitchell had done this, the mortgage would have been recorded within a day or two after November 23, 1858.   It was not recorded, through the fault of Mitchell, until December 2, 1858, three days after the deed was of record.   Mitchell cannot be permitted in a court of equity to profit by his own wrong against his principal.   It is a sound principle that he who prevents a thing from being done, shall not avail himself of the non-performance he has occasioned.

We are not passing upon the rights or equities of Jefferson; therefore it is immaterial whether he had the superior equity in the real estate, or not.   Mitchell, although he derived his title from Jefferson, cannot be protected by the priority of the record, because such priority is founded upon his own negli-

2. Agency — negligence — deed subject to mortgage.

gence or wrong. He should suffer for this negligence or bad
faith, and not his principal.

The judgment of the district court will be affirmed.

All the Justices concurring.