## THE CITY OF HOLTON v. JOHN BIMROD.

### No. 620.

1. INTOXICATING LIQUORS — *Complaint — Verification*. The complaint in this case was sworn to positively and gave the court jurisdiction, and it was not error to refuse to hear evidence to impeach such complaint by showing that the prosecuting witness had no knowledge of the facts, except such as were based on rumor, hearsay information, and belief.

2. ——— *City Ordinance*. The ordinance under which this prosecution was maintained examined, and held valid.

3. ——— *Evidence — Permit to Sell Liquor*. The testimony of the probate judge, that he had examined the records of his office and that no permit had been issued to the defendant, was competent to make *prima facie* proof that the defendant had none.

4. ——— *Omission of Defendant to Testify — Duty of Court.* It is not the duty of the trial court to call the attention of the jury to the fact that the defendant had not testified in his own behalf, by instructing them as to the presumptions arising from such neglect or omission to testify.

Appeal from Jackson district court; LOUIS A. MYERS, judge. Opinion filed December 15, 1898. Affirmed.

*C. F. Hurrel*, for appellee.

*Crane & Woodburn*, for appellant.

The opinion of the court was delivered by

WELLS, J. : This was a prosecution begun in the police court in the city of Holton, for the violation of the ordinances of said city by selling intoxicating liquors without being engaged in the business of a druggist and not having a permit for such sales for lawful purposes, and by keeping a tippling shop in said city. The defendant below, the appellant here, was convicted in the police court and duly took an appeal therefrom to the district court, where he was

again found guilty.   Judgment was rendered thereon, and the case is brought here for review.

The first assignment of error is that the court erred in sustaining plaintiff's objection to the introduction of evidence on the motion to quash the warrant. This objection was made on two grounds : (1) That no notice of the intention to introduce evidence in support of said motion was given the city ; and (2) that as the complaint was regular on its face and verified positively, it was sufficient to give the court jurisdiction to issue the warrant and put the defendant on trial.   This last proposition contains the substance of the principal contention in the case, except that it is contended by the appellant that the complaint was not verified positively.   In this he is mistaken.   The body of the complaint commences : "Ed. Ernest, of lawful age, being first duly sworn, on oath deposes and says."   This is followed by a recital of the alleged facts constituting the offense, and ends with the signature of the complainant and the jurat of the officer administering the oath.   All this is positive and contains no qualification whatever.   The exact question herein was decided by the supreme court in the case of *The State v. Carey*, 56 Kan. 84, 42 Pac. 371.   The first section of the syllabus reads :

"An objection to a warrant that the person who verified the complaint, although in positive form, had no knowledge of the facts save such as were based upon rumor, hearsay, information, and belief, and a subsequent plea in abatement to an information for a felony on the same ground, were properly overruled without any evidence thereon."

We think that this case settles the law of this state on the main question at issue herein and disposes of the first and second assignments of error.

The third assignment of error is in overruling defendant's motion to quash the warrant because the ordinance under which it was issued is void.  The first reason given for the invalidity of the ordinance is that the subject is not clearly expressed in the title, as required by section 59, chapter 37, General Statutes of 1897 (Gen. Stat. 1889, ¶ 765).   The title of the ordinance in question is : "An ordinance to prohibit the keeping and sale of intoxicating liquors, except for medicinal, scientific and mechanical purposes."  This title is sufficiently comprehensive to cover tippling shops, saloons, "joints," or any other place, regardless of the name, where liquor is kept and sold.  The other objection urged to the validity of the ordinance is that it gives a larger maximum of imprisonment than does the state law.  To this the appellee answers that it is a distinction without a difference, as the state law gives ninety days and the ordinance three months, and says : "If it had stated in the ordinance that it should not be more than three calendar months, there might be some reason for the contention."  Taken in connection with subdivision eleven of section 8, chapter 1, General Statutes of 1897 (Gen. Stat. 1889, ¶ 6687), which says : "The word 'month' means a calendar month, unless otherwise expressed," that is about what the ordinance does say.  Our supreme court has held that both the state and city, under their respective laws, have jurisdiction of the offense committed against its own law by the same act, but as to the exact extent of the right of the city to vary the punishment from that given under the state law there is considerable difference in the authorities.  We find nowhere in our own reports an authoritative settlement thereof, and we shall not attempt to decide it in this case.  As the difference

between the penalty allowed by law and the ordinance is trifling and uncertain, and as the punishment in this case was within the limits fixed by each, we do not think any material error was committed in that respect by the court below.

The fourth, fifth, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth and fifteenth assignment of error are without merit and require no comment other than as above given. The sixth and seventh assignments of error are in relation to the evidence of the probate judge, who testified that he was the custodian of the records of druggists' permits issued; that he had examined the records of his office for several years and that no druggist's permit had been issued to the defendant. This was competent evidence. (*The State v. Schweiter*, 27 Kan. 501.) The sixteenth assignment of error is: "That the court neglected to instruct the jury as to the presumption of law arising from his (the defendant) neglecting to testify as a witness." This was not error. The statute expressly provides that the circumstance of the defendant's neglect or refusal to testify shall not be referred to by any attorney prosecuting in the case, nor shall the same be considered by the court or jury before whom the trial takes place. The remaining allegations of error are based on those hereinbefore considered, and are not valid.

The judgment of the court below is affirmed.