No. 24,593.

JOSEPH H. YOUNG, *Appellant,* v. W. E. NEWBOLD, *Appellee.*

SYLLABUS BY THE COURT.

ACTION FOR MONEY—*Summons Fixed Answer Day in Fourteen Instead of Twenty Days—Summons Voidable Only.* A summons in an action for money, regular in every respect except that it gave only fourteen days to answer instead of twenty, and which is served personally upon the defendant, is not void. The trial court should have permitted an amendment upon plaintiff's application, or extended the time for answer.

Appeal from Decatur district court; WILLARD SIMMONS, judge. Opinion filed July 7, 1923. Reversed.

*A. C. T. Geiger, W. S. Langmade,* and *V. D. Woodward,* all of Oberlin, for the appellant.

*J. P. Noble,* of Oberlin, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: An action for a money judgment was filed in the district court. Summons was issued and served personally upon the defendant and return of service made before the return day. The

Young v. Newbold.

summons was regular in every respect except that the answer day named in the summons was only fourteen days from the return day. On the last day for answer as named in the summons, the defendant appeared specially and moved to quash the summons. Upon the hearing the court held the summons void; that it conferred no jurisdiction upon the court, and that the court was without power to permit an amendment, and sustained the motion to quash. The plaintiff has appealed from that ruling.

The form for a summons in such an action is prescribed by section 60 of the code (Gen. Stat. 1915, § 6951) as follows:

"The summons shall be issued by the clerk, upon a written præcipe filed by the plaintiff; shall be under the seal of the court from which the same shall issue, shall be signed by the clerk, and shall be dated the day it is issued. It shall be directed to the sheriff of the county, and command him to notify the defendant or defendants, named therein, that he or they have been sued, and must answer the petition filed by the plaintiff, giving his name, at a time stated therein, or the petition will be taken as true, and judgment rendered accordingly; and where the action is on contract for the recovery of money, there shall be indorsed on the writ the amount to be furnished in the præcipe, for which, with interest, judgment will be taken, if the defendant fail to answer. If the defendant fail to appear, judgment shall not be rendered for a larger amount and the costs."

The summons in this case conformed in every respect to this section of the code. It was issued under the seal of the court, was signed by the clerk, dated the day it was issued, was directed to the sheriff, commanded him to notify the defendant he had been sued and must answer the petition filed by the plaintiff, giving his name, and the time for answer was stated therein and it bore the indorsement of the amount for which judgment would be taken. The time for answer is provided by section 107 of the code (Gen. Stat. 1915, § 6999) as follows: "The answer . . . shall be filed within twenty days after the day on which the summons is returnable. . . ." Several cases are cited. In *State, ex rel., v. Parks,* 34 Okla. 335, 340, the summons gave only ten days to answer. Their statute reads like ours. The court said: "The summons was defective and the motion to quash should have been sustained," and cited *Aggers v. Bridges,* 31 Okla. 617, where a similar ruling had been made on a summons by publication which gave but thirty-six days for answer. Nothing is said in the case about the power of the court to amend the summons or to extend time for answer. *In Schoffel v. Goodstein,* 177 N. Y. Supp. 844, a summons gave six days to answer instead of

twenty as required by the code. It was held to be a jurisdictional defect, not a mere irregularity, but the court distinguished it from the case of *Gribbon v. Freel*, 93 N. Y. 93, where the summons had been made returnable in six days instead of ten, but before judgment was entered the plaintiff obtained an order amending the summons so as to give defendant the required ten days in which to answer, which was held proper. In *Barker v. Central West Investment Co.*, 75 Neb. 43, the summons made the answer day one week earlier than the proper time. The trial court permitted an amendment after an objection to the jurisdiction of the court had been made, based upon that particular defect, and it was held this ruling was not error. In *Lockway v. Modern Woodmen*, 116 Minn. 115, it was held that a summons in a civil action may be amended so as to make the time as stated therein for answering the complaint conform to the statute, and this rule is not changed as regards the foreign fraternal association by a statute, which provides that no service shall be valid or binding upon such association when it is required to answer in less than thirty days after the service. In the notes on this case in Annotated Cases, 1913, No. A, 556, it was said: "In the majority of jurisdictions it is held that a writ, the service of which confers jurisdiction, when made returnable at a time not authorized by law, is amendable."

In *Alford v. Hoag*, 8 Kan. App. 141, the summons was issued November 9 and named December 9 as the answer day and December 19 as the return day, and it was held that the summons was not void but that the mistake could be corrected at any time. In *Aultman v. Wier*, 67 Kan. 674, 74 Pac. 227, it was held that the omission of the signature of the clerk from a summons, otherwise regular, does not render the process void and the defect may be corrected by amendment. In *Gigoux v. Griffith*, 109 Kan. 275, 199 Pac. 103, being an action for a money judgment, it was held that the omission of the indorsement on the summons of the amount for which judgment would be taken was an irregularity but did not render the summons void.

In this case the defendant was advised personally of everything which the statute required the summons to contain. It is true the summons did not name the correct answer day as provided by another section of the code, but the other section would have given him that time to answer, notwithstanding the erroneous date in the

summons. The only respect in which the defendant could possibly be prejudiced was in the time in which he might answer. He could have filed a motion asking for more time as readily as he could have filed a special appearance and motion to quash, and the court would have given it to him as a matter of course. The defect did not go to the jurisdiction of the court over the person of the defendant, nor render the summons void. At most it was only irregular and voidable. The trial court should have permitted an amendment to the summons upon plaintiff's request or should upon its own volition have extended the time for the defendent to answer. The case will be reversed with a direction for the court to give the defendant twenty days to answer.