No. 24,726.

C. FOSTER, *Appellant*, v. (ROBERT MOTLEY, *Appellant*), ORA MOBBS and JOHN KUHN, Garnishees, *Appellees*.

### SYLLABUS BY THE COURT.

1. GARNISHMENT AFFIDAVIT — *Defective — Statement of Amount Claimed Omitted—Affidavit Subject to Amendment.* An affidavit for garnishment which omitted a statement of the amount claimed by plaintiff from defendant, and the names of the persons sought to be charged as garnishees, is not absolutely void. Such omissions may be supplied by amendment.

2. SAME—*Appearance and Answer by Garnishee—Waiver of Insufficiency of Affidavit.* A garnishee who appears and answers a garnishment summons waives objections he might have made to the sufficiency of the affidavit for garnishment.

3. SAME—*Notice for Service by Publication.* A notice for service by publication upon a nonresident defendant cannot be regarded as void by reason of the fact that the day fixed for answer was earlier than the first publication of the notice.

Appeal from Sheridan district court; CHARLES I. SPARKS, judge. Opinion filed December 8, 1923. Reversed.

*C. L. Thompson*, of Hoxie, for the appellant.

*W. L. Sayers*, of Hill City, and *W. H. Clark*, of Hoxie, for the garnishees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The errors assigned in this appeal arose in a garnishment proceeding. An action was brought on August 19, 1920, by C. Foster, to recover from Robert Motley, $600 as wages earned in operating a threshing rig. Summons was issued the same day and on August 20, 1920, the sheriff made a return that defendant was not found in his county. After the return of the sheriff and on August 24, 1920, plaintiff filed an affidavit to obtain service by publication, and the first notice was published on August 26, 1920, which was regular except that the defendant was required to answer August 20, 1920, a date prior to the date of the first publication. On the day the summons was served an affidavit for garnishment was filed and a garnishment summons was issued on that day and served on Ora Mobbs and John Kuhn, in which it recited that Motley was a nonresident of the state. The summons required the garnishees to answer on September 10, 1920, whether they were indebted or held property belonging to the defendant, Motley. On the return day the garnishees answered that they were not indebted to defendant and that they did not have possession or control of any property belonging to the defendant. On September 21, 1920, the plaintiff served notice on the garnishees that he elected to take issue on the truth of the facts stated in their answer. The case was passed from time to time until June 7, 1921, when the garnishees moved to quash the garnishment proceedings on the ground that when the garnishment summons was issued no action was pending against the defendant because the answer day in the first publication notice required the defendant to answer at a time earlier than the pendency of the action. The plaintiff undertook to remedy this mistake on April 21, 1921, by causing a new notice to be published fixing a later date for the answer of defendant. The motion to quash was overruled by the court. Later when the issues came on for trial the plaintiff asked for leave to amend the affidavit for garnishment so as to supply an omission in it of the amount claimed by plaintiff from defendant and the names of persons who had property in their possession belonging to the defendant. Although contested this motion was granted and the amendment was made. In the course of the trial and after evidence had been produced, the trial court recalled its former decision and held that the garnish-

ment proceeding was invalid and dismissed the proceedings. Of this ruling the plaintiff complains.

In justification of the ruling, it is contended that the affidavit for garnishment is void in that it failed to state the amount of plaintiff's claim against the defendant and the names of the persons he was proceeding against as garnishees. The affidavit recited that an action had been brought, founded on a claim for work and labor performed for the defendant for $..........., over and above all offsets and that plaintiff verily believed that the...................................... persons were indebted to defendant, etc. In failing to state the amount of the plaintiff's demand the affidavit was defective, but can it be held to be absolutely void? The statute provides that the plaintiff may file an affidavit showing among other things the amount of plaintiff's claim against the defendant. (Gen. Stat. 1915, § 7121). One purpose of this requirement is to prevent the attachment in the hands of the garnishee a greater amount than is necessary to meet plaintiff's demand. Another is that the garnishee is informed of the amount and if it should be less than he owed to the defendant, it would enable him to make preparation and provision for the payment into court of the amount required to meet the plaintiff's demand. It also serves as a guide to the court in the subsequent orders to be made in the proceeding. However, the requirement as to the amount is deemed to be directory merely and the omission not fatal to the validity of the process. An affidavit for attachment is required to state the amount which affiant believes the plaintiff ought to recover and in a case where an affidavit did not state the amount claimed it was held that the process was not fatally defective but that the omission might be supplied by amendment. (*Schultz v. Stiner*, 97 Kan. 555, 155 Pac. 1073.) The effect of such an omission was considered in *Curtis v. Henrietta National Bank*, 78 Texas, 260, and it was held not to be fatal to the validity of the process. It was said:

"There is a good reason why the amount claimed by the plaintiff of the defendant should appear in the face of the process. If the garnishee is informed as to the amount and he owes the defendant a sufficient sum to pay it, he need not answer. He may suffer a judgment by default with the same result as if he should answer, and thereby save the trouble and expense of making an appearance. But this would seem to be a matter of no controlling importance, and it is reasonable to presume that while the legislature considered a statement in the writ of the indebtedness sought to be recovered useful in the subsequent proceedings in the case, they did not deem it of such

Foster v. Motley.

moment as to make it an essential requisite of the validity of the process."
(p. 262.)

Information as to the amount was available to the garnishee and the court in the petition which plaintiff had filed in the action. We think the court was correct in its first ruling denying the motion to quash and in permitting plaintiff to amend the affidavit. The failure to name the garnishees is of less importance. They were named as garnishees in the summons issued and served upon them. Besides they answered the summons without raising any question as to the sufficiency of the affidavit or summons and thereafter were hardly in a position to say that they were not informed that plaintiff was proceeding against them as garnishees. Of course, if the court was without jurisdiction in the action the appearance or assent of the garnishees would not confer jurisdiction but when there is jurisdiction no reason is seen why the garnishees may not waive any of their own rights. (*Winterscheidt v. Wilson,* 110 Kan. 649, 205 Pac. 600.) In *Coffee v. Haynes,* 124 Cal. 561, it was held that a garnishee who appears and answers a garnishment summons thereby waives objections that he might have made to the sufficiency of the affidavit.

It is contended that there was no action pending against the defendant by reason of the fact that the first publication notice named August 20, 1920, as the time for defendant to answer, a time which was six days before the notice was published, with the result of avoiding the garnishment process. The fixing of the time was a palpable irregularity but it cannot be regarded as a fatal defect. In a case where the summons served did not give defendant the statutory time for answer, it was held in response to a contention that the service was void that while the summons was irregular and voidable it was not void. It was said:

"The only respect in which the defendant could possibly be prejudiced was in the time in which he might answer. He could have filed a motion asking for more time as readily as he could have filed a special appearance and motion to quash, and the court would have given it to him as a matter of course. The defect did not go to the jurisdiction of the court over the person of the defendant, nor render the summons void. At most it was only irregular and voidable." (*Young v. Newbold,* 114 Kan. 86, 217 Pac. 269.)

It is objected that it was not made to appear that defendant was a nonresident of the state and further that no bond for garnishment was given. It appears to have been distinctly stated in the affidavit for publication notice that the defendant was a nonresident of the

state, and there is no claim now that he was a resident of the state when the action was commenced. So far as the bond to obtain a garnishment order is concerned none is required where the defendant is a nonresident of the state. (Gen. Stat. 1915, § 7122.) The original rulings of the court denying the motion to quash and permitting amendments was correct, but the setting aside of these orders and the dismissing of the proceedings must be regarded as erroneous.

The judgment will therefore be reversed and the cause remanded with directions to proceed with the trial of the issues as to the truth of the answers of the garnishees.