No. 40,710

EDGAR FRANK ALLBRITTEN and RUBY ALICE ALLBRITTEN, *Appellants,* v. NATIONAL ACCEPTANCE COMPANY OF CHICAGO, a Delaware Corporation, *Appellee.*

No. 40,711

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a Corporation, *Appellee,* v. EDGAR FRANK ALLBRITTEN and RUBY ALICE ALLBRITTEN, his wife, et al., *Appellants.*

(325 P. 2d 40)

Opinion filed May 10, 1958.

W. C. *Jones,* of Olathe, argued the cause, and *J. Willard Haynes,* of Kansas City, was with him on the briefs for appellants.

*John W. Breyfogle, Jr.,* of Olathe, argued the cause and was on the briefs for appellee National Acceptance Company of Chicago, and for Michael J. Friedman.

*J. E. Schroeder,* of Kansas City, was on the briefs for The Prudential Insurance Company of America, appellee.

The opinion of the court was delivered by

FATZER, J.: Two appeals are before us arising out of proceedings upon a motion in a mortgage foreclosure action to set aside the judgment decreeing a foreclosure. In their motion appellants, Edgar Frank Allbritten and Ruby Alice Allbritten, his wife, alleged the district court was without jurisdiction to enter the judgment of foreclosure for the reason that certain nonresident defendants were not served with summons by publication in the manner prescribed by law, and that it erred in finding case No. 22134 (appeal No. 40,710) was merged into the judgment rendered in case No. 22703 (appeal No. 40,711). The motion was overruled and the Allbrittens have appealed.

The facts in these appeals are not in dispute.

With respect to appeal No. 40,710 the facts are summarized as follows: In July, 1955, the Allbrittens were stockholders in the K-Mo Parts, Inc., a Kansas corporation. To secure a loan of $12,500 to K-Mo Parts, Inc. they entered into a written guaranty agreement with National Acceptance Company of Chicago and also executed a note and second mortgage on their home in Johnson County, Kansas. Late in 1955 they commenced action No. 22134 in the district court of Johnson County to cancel and set aside the note and second mortgage upon the ground that the $12,500 had not been delivered to K-Mo Parts, Inc. National Acceptance Company an-

swered and alleged an indebtedness of considerably more than $12,500, namely, $21,155.26. No reply was filed to that answer and the case stood on the docket until December 26, 1956, when the district court ruled that the action was merged in case No. 22703, and the judgment entered therein.

Pertinent facts of appeal No. 40,711 are as follows: On June 1, 1956, The Prudential Insurance Company of America commenced action No. 22703 in the district court of Johnson County against the Allbrittens to foreclose its first mortgage on their homestead. It joined as parties defendant with the Allbrittens the United States of America, the State of Kansas, the Board of County Commissioners of Johnson County, John H. Hodes, Jr., a resident of Kansas City, Missouri, and the following foreign corporations: National Acceptance Company of Chicago; Wichita Investment Corporation, Kansas City, Missouri; Traders National Bank, Kansas City, Missouri; American Bankers Insurance Company of Florida; Federal Enterprises, Inc., Kansas City, Missouri, and Commercial Credit Corporation, Kansas City, Missouri, who were all lien holders and/or judgment creditors of the Allbrittens.

Each of the Allbrittens, the United States of America, the state of Kansas and the Board of County Commissioners were duly and regularly notified of the pendency of the action by personal service of summons. Service of summons by publication was sought to be obtained upon the six foreign corporations and upon John H. Hodes, Jr. The affidavit for service by publication was in full compliance with the provisions of G. S. 1955 Supp. 60-2525. The notice of suit was published for three consecutive weeks in the Olathe Mirror, a weekly newspaper of general circulation in Johnson County, being first published August 2, 1956, and republished August 9, and August 16. The form of the notice of suit complied in all respects with the statute except the time fixed for the defendants to answer or plead otherwise to Prudential's petition was September 8, 1956, which was thirty-seven days from August 2, instead of forty-one days as required by G. S. 1955 Supp. 60-2527. On November 8, 1956, the court examined the affidavit for service by publication, the published notice thereof and the proof of publication, and found that the six foreign corporations and John H. Hodes, Jr., were duly and regularly served with notice of the pendency of the action by publication service and entered its order approving such service.

National Acceptance Company entered its appearance and answered, and filed a cross-petition alleging its second mortgage on the homestead of the Allbrittens, and, after making the same allegations as contained in its answer to the Allbrittens' petition in case No. 22134, prayed for the foreclosure of its second mortgage. The Allbrittens personally entered their appearance and filed an unverified general denial to Prudential's petition, but they failed to answer or otherwise plead to the cross-petition of National Acceptance Company. The United State of America and the State of Kansas entered their appearance and each filed separate answers and cross-petitions for amounts due from the Allbrittens under their respective tax liens.

The other foreign corporations and John H. Hodes, Jr., did not answer or otherwise plead to Prudential's petition or to National Acceptance Company's cross-petition, nor did they otherwise appear in the action.

Prudential and National Acceptance Company each filed a motion for judgment on the pleadings and on November 20, 1956, during the September 1956 term, the district court entered its judgment foreclosing both the Prudential and National Acceptance Company mortgages and directed the property be sold to satisfy them.

On December 26, 1956, the Allbrittens filed a motion to vacate and set aside all proceedings in case No. 22703 including the judgment of November 20, 1956, decreeing foreclosure of the mortgages. The motion alleged the district court was without jurisdiction to enter the judgment since the notice of suit failed to comply with G. S. 1955 Supp. 60-2527 in that it required the defendants to answer or plead otherwise to Prudential's petition on or before September 8, 1956, a date thirty-seven days from the date the notice was first published, rather than forty-one days as required by the statute.

On the same day, case No. 22134 came on for hearing before the district court. The court found that the issues raised by the answer and cross-petition of National Acceptance Company in case No. 22703 were the same as those raised in its answer in case No. 22134, and inasmuch as the Allbrittens were served with summons in case No. 22703 and entered their appearance therein, but failed to answer or otherwise plead to the cross-petition of National Acceptance Company, that action was merged in case No. 22703, and it entered judgment accordingly. Appeal No. 40,710 is from that order.

On January 5, 1957, within the September 1956 term of the district court, the Allbrittens' motion to vacate and set aside the judgment of foreclosure entered November 20, 1956, was overruled. Appeal No. 40,711 is from that order.

We first consider appeal No. 40,710. The appellee challenges the jurisdiction of this court to hear the appeal, contending it was not timely perfected. The point is well taken. Within the exception provided in G. S. 1957 Supp. 60-3314a, an appeal to the supreme court *shall* be perfected *"within two months* from the date of the judgment or order from which the appeal is taken." (G. S. 1949, 60-3309.) (Emphasis supplied.) The time in which an appeal may be taken begins to run from the date the judgment or order is rendered, and not from the date the journal entry is filed. (*Brower v. Sedgwick County Comm'rs,* 142 Kan. 7, 45 P. 2d 835; *Gates v. Gates,* 160 Kan. 428, 435, 163 P. 2d 395.) A month is a measure of time and is one of the twelfth portions into which the year is divided. The word "month" has a clear and well-defined meaning, and refers to a particular time. Unless an intention to the contrary is expressed, it signifies a calendar month, regardless of the number of days it contains. (G. S. 1949, 77-201, *Eleventh; Holton v. Bimrod,* 8 Kan. App. 265, 267, 55 Pac. 505.) Where the word "month" as employed in a statute means calendar month, a period of a month or of months is to be computed not by counting days, but by looking at the calendar, and it runs from a given day in one month to a day of the corresponding number in the next or specified succeeding month. (*Comm'rs of Smith Co. v. Labore,* 37 Kan. 480, Syl. ¶ 2, 15 Pac. 577; 86 C. J. S., Time, § 10, pp. 837, 838; 52 Am. Jur., Time, § 11, pp. 336, 337.) The words "within two months" as used in G. S. 1949, 60-3309 are words of limitation and mean a litigant desiring to appeal must perfect his appeal *not later* than two months from the date of the judgment or order from which the appeal is taken. (*Hubert v. Board of Public Utilities,* 162 Kan. 205, 206, 174 P. 2d 1017; *Toklan Royalty Corp. v. Panhandle Eastern Pipe Line Co.,* 168 Kan. 259, 264, 212 P. 2d 348.)

In this case, the record clearly shows the judgment or order appealed from was rendered December 26, 1956, and the appeal was not filed until February 27, 1957, which was two months and one day after the judgment was rendered. As noted, the statute allows only two months. Consequently, the appeal from the judgment or order of December 26, 1956, was too late (*Comm'rs of Smith Co. v. Labore,* supra; *Hinshaw v. Hinshaw,* 166 Kan. 481, 485, 203 P. 2d

201; *Steinmeyer v. Barnett,* 172 Kan. 215, 216, 239 P. 2d 827; *Willey v. Gas Service Co.,* 177 Kan. 615, 616, 281 P. 2d 1092; *Colyer v. Wood,* 178 Kan. 5, 6, 283 P. 2d 398; *Polzin v. National Cooperative Refinery Ass'n,* 179 Kan. 670, 675, 298 P. 2d 333) and we have no jurisdiction (*Eikelberger v. Saline County Comm'rs,* 151 Kan. 619, 100 P. 2d 651; *Palmer v. Helmer,* 159 Kan. 647, 157 P. 2d 531) to consider it.

We now turn to the principal question presented in appeal No. 40,711—whether the service of summons by publication was void or only irregular and voidable. The Allbrittens contend the service was void, which vitiated the judgment as to all defendants. In making the contention, however, they concede the provisions of the civil code and all proceedings under it shall be liberally construed with a view of promoting its objects and assisting the parties in obtaining justice (G. S. 1949, 60-102).

Passing the question whether the Allbrittens may now object to the validity of the service upon the nonresident defendants, decisions of this court compel the conclusion the service was not void, but at most only irregular and voidable. (*Mitchell v. Aten,* 37 Kan. 33, 35, 14 Pac. 497; *Smith v. Jukes,* 112 Kan. 567, 570, 211 Pac. 1110; *Young v. Newbold,* 114 Kan. 86, 89, 217 Pac. 269; *Foster v. Motley,* 114 Kan. 812, 815, 220 Pac. 1036; *Robinson v. Schappert,* 120 Kan. 309, 243 Pac. 290; *Elfert v. Elfert,* 132 Kan. 218, 222, 294 Pac. 921.)

The notice of suit was properly published on the 2nd, 9th and 16th of August, 1956. The service of summons by publication was completed on August 16 (*Mitchell v. Aten,* supra; 72 C. J. S. Process, § 73, p. 1105) and advised the defendants of everything which the statute required the summons to contain. (*Young v. Newbold,* supra.) The only defect in the summons was that it lacked four days of giving the defendants the full forty-one days in which to answer. None of them appeared on the date fixed in the summons as the answer day nor did they appear on September 12, which would have been the forty-first day from the date of first publication, nor did they appear at any time. The only respect in which they could possibly have been prejudiced was the time in which they might answer, but no prejudice in this respect resulted since judgment was not rendered until November 20, 1956. There was ample time between the answer date fixed by the summons and the date judgment was entered for any of them to obtain leave to answer or additional time within which to plead. (*Young v. Newbold,* supra; *Foster v. Motley,* supra.)

In *Foster v. Motley*, supra, the affidavit for publication was regular but the notice for service by publication fixed the day for answer as a date earlier than the date of first publication, and the court held:

"A notice for service by publication upon a nonresident defendant cannot be regarded as void by reason of the fact that the day fixed for answer was earlier than the first publication of the notice." (Syl. ¶ 3.)

Former Chief Justice Johnston prepared the opinion for the court, and said:

"It is contended that there was no action pending against the defendant by reason of the fact that the first publication notice named August 20, 1920, as the time for defendant to answer, a time which was six days before the notice was published, with the result of avoiding the garnishment process. The fixing of the time was a palpable irregularity but it cannot be regarded as a fatal defect. In a case where the summons served did not give defendant the statutory time for answer, it was held in response to a contention that the service was void that while the summons was irregular and voidable it was not void. It was said:

" 'The only respect in which the defendant could possibly be prejudiced was in the time in which he might answer. He could have filed a motion asking for more time as readily as he could have filed a special appearance and motion to quash, and the court would have given it to him as a matter of course. The defect did not go to the jurisdiction of the court over the person of the defendant, nor render the summons void. At most it was only irregular and voidable.' (*Young v. Newbold*, 114 Kan. 86, 217 Pac. 269)." (l. c. 815.)

The Foster case placed the matter of the answer day whether involving personal service or service by publication, on the same premise. It supports the rule that jurisdiction of the person of the defendant is obtained when service of summons is completed by three consecutive publications (*Mitchell v. Aten*, supra; *Smith v. Jukes*, supra), and although the answer date is erroneously fixed in the summons, such defect does not go to the jurisdiction of the court over the person of the defendant nor render the summons void. At most, it is only irregular and voidable. (*Young v. Newbold*, supra.)

It follows that the error assigned on the ruling of the district court cannot be sustained; and in view of the fact that the nonresident defendants, except National Acceptance Company, made no appearance in the action either before the rendition of judgment or after, and have filed nothing under G. S. 1949, 60-2530 to show they had a meritorious defense to Prudential's action or to National Acceptance Company's cross-petition, there can be no fear that justice may have miscarried in this case.

The judgment is affirmed.