No. 43,970

In the Matter of the Estate of Kate Dumback, deceased. (DORO-
THY M. DUMBACK HAGER, *Appellant*, v. ANNA TARKOWSKI, MAGGIE
MILNER, LEWIS TARKOWSKI, GLENN W. PETERS, VICTORIA PETERS,
LEWIS TARKOWSKI, Executor of the will and Estate of Kate Dum-
back, Deceased, DORA HALL, if living, and if deceased her Heirs,
Executors, Administrators, Devisees, Trustees, Creditors and
Assigns, *Appellees.*)

(402 P. 2d 779)

Opinion
filed June 12, 1965.

*Fred Swoyer,* of Belleville, was on the briefs for appellant.

*Percy H. Collins, Jr.,* of Belleville, argued the cause, and *Charles A. Walsh*
and *William J. Walsh,* of Concordia, were with him on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from an order of the district court
dismissing the appellant's appeal from the order of final settlement
of the decedent's estate entered by the probate court on August 2,
1963.

The appellant, Dorothy M. Dumback Hager, a resident of the
state of Oregon, is the granddaughter and only heir at law of Kate
Dumback, who died testate on June 5, 1962. On the following day,
a petition was filed in the probate court of Republic County, Kansas,
seeking to have the decedent's last will and testament admitted to
probate. The probate court set the petition for hearing on July 10,
1962, and ordered that notice be given pursuant to G. S. 1949,
59-2209 (now K. S. A. 59-2209).

On June 11, 1962, counsel for petitioner filed his affidavit of the
mailing of the notice of hearing to each of the seven legatees and
devisees named in the decedent's will, including the appellant. On

June 22, 1962, the publisher filed his affidavit of publication showing that notice of hearing had been duly published on June 7, June 14, and June 21, 1962. On July 10, 1962, the probate court approved the publication and service of notice of hearing and entered its order admitting the decedent's last will and testament to probate. The appellant did not enter an appearance at this hearing.

Due administration of the estate was had, and on July 10, 1963, the executor filed a petition for final settlement. On the same day, the probate court set the petition for hearing on August 2, 1963, and ordered that notice of hearing be given pursuant to K. S. A. 59-2209. The notice of hearing was duly published and proof thereof together with proof of service were duly filed.

On August 2, 1963, the probate court approved the publication and service of the notice of hearing and entered an order of final settlement of the estate, assigning the decedent's property in accordance with the terms and provisions of the last will and testament. The appellant entered her appearance at the hearing by her attorney, but filed no pleading.

Thereafter, the appellant perfected an appeal to the district court from the order of final settlement and filed an answer alleging in substance that the notice of hearing on the petition to probate the decedent's will was not given as required by the order of the court, or as required by K. S. A. 59-2209; that the purported order entered by the probate court attempting to admit the decedent's will to probate was without proper notice and that the same was void and of no effect; that no valid order had ever been entered by the probate court admitting the decedent's will to probate and because thereof, all property owned by the decedent upon her death, passed to the appellant under the law of intestate succession; and that the order of August 2, 1963, attempting to make final settlement upon the theory that the decedent's will was legally admitted to probate was likewise void and all property owned by the decedent at her death descended to and was legally owned by the appellant and title thereto should be assigned to her as the sole and only heir at law of the decedent.

The executor of the estate filed a motion to dismiss the appeal, which was sustained by the district court upon the ground that the order admitting the decedent's will to probate was at most voidable and not void, and since no appeal was taken from that order and no attack made upon it until months later, it could not then be questioned by a collateral attack.

The appellant frankly concedes that the action is a collateral attack upon the order admitting the will to probate, and contends that order is void because of failure to give proper notice of the hearing of the petition to probate the will. She argues that the hearing of the petition to probate the will was set for July 10, 1962, and notice of the hearing was ordered to be given pursuant to 59-2209; that notice of the hearing was published June 7, June 14, and June 21, 1962, and that the hearing was set for some nineteen days after the last publication of the notice, or some five days beyond the time provided in K. S. A. 59-2209 which reads in pertinent part: ". . . The date set for the hearing shall not be earlier than seven days *nor later than fourteen days after the date of the last publication of notice.*" (Emphasis supplied.)

In sum, it is the appellant's contention that when notice was not given at such time as to permit the hearing to be had within the fourteen days after the date of the last publication of notice, such notice was fatally defective and that any order based on such defective notice was void and of no effect.

What was the defect in the notice which appellant claims is fatal to the validity of the order admitting the will to probate? We think there was none. The appellant raises no objection to the admission of the will to probate, nor does she contend that document lacked the essential elements of a valid last will and testament. She raises no objections to any of the proceedings to administer the estate. She filed no objections to the acts of the executor on the petition for final settlement. It is apparent that the sole error upon which she relies to void and set aside the order admitting the will to probate and the order of final settlement, is that the notice of hearing of the petition to admit the will to probate should have been rejected because the probate court was without jurisdiction to hear the same. This sweeping conclusion is reached because, it is claimed, the notice of hearing was defective.

The notice of hearing to probate the will was properly published on the 7th, 14th and 21st of June, 1962, and advised the appellant of everything which the statute required the notice to contain. The only defect in the notice was that it gave the appellant five more days to appear and answer than the statute contemplates. She did not appear on the date fixed in the notice, nor did she appear on July 5, 1962, which would have been the fourteenth day after the last date of publication. The probate court examined the

published notice, the proof of publication, and the affidavit of mailing of notice, and approved the same. We think the notice of hearing duly and regularly published for three consecutive weeks and served upon the appellant, fixing the hearing of the petition to probate the will on July 10, 1962, was a palpable irregularity, but it cannot be regarded as a fatal defect. In no respect could the appellant possibly have been prejudiced by the time in which she might answer the petition and attend the hearing. The defect did not go to the jurisdiction of the court over the subject matter, or render the notice of hearing void. At most it was only irregular and voidable. While not factually in point, see *Young v. Newbold,* 114 Kan. 86, 89, 217 Pac. 269; *Foster v. Motley,* 114 Kan. 812, 815, 220 Pac. 1036, and *Allbritten v. National Acceptance Co.,* 183 Kan. 5, 10, 11, 325 P. 2d 40.

We are of the opinion the district court did not err in dismissing the appellant's appeal from the order of final settlement, and we affirm that order.