IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,762

In The Matter of the Estate of MICHAEL A. CLARE, Deceased.

SYLLABUS BY THE COURT

1.

Although K.S.A. 59-2204 requires that a petitioner in probate cause the matter to be set for a hearing, the statute does not define the means for setting down a hearing. The probate statutes do not require a written order setting a hearing.

2.

A local court rule may not conflict with statutes or Supreme Court rules.

3.

The validity of a local rule is subject to review for its reasonableness.

Review of the judgment of the Court of Appeals in 51 Kan. App. 2d 886, 357 P.3d 303 (2015). Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Opinion filed March 3, 2017. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed.

*John W. Kurtz*, of Hubbard & Kurtz, L.L.P., of Kansas City, Missouri, was on the brief for appellant Jessica Kay Crosslin.

*Charles J. Andres*, of Olathe, was on the brief for appellee Christine J. Clare.

1

The opinion of the court was delivered by

ROSEN, J.: This appeal involves a claim against an estate under the Kansas Probate Code. Because the decisions of the district court and the Court of Appeals conflict with our holding in *In re Estate of Rickabaugh*, ___ Kan. ___, ___ P.3d ___ (No. 111,389, this day decided), we reverse both courts and remand for further proceedings consistent with this opinion.

On December 22, 2013, Michael A. Clare shot and killed his wife, Deborah Clare, and then took his own life. He died intestate. The principal asset of his estate was a $250,000 life insurance policy. Deborah was listed as the beneficiary, with Michael's legal children listed as the contingent beneficiaries. However, Michael had no legal children.

Shirley R. Stockton was Michael Clare's mother. Christine J. Clare is the sister of Shirley Stockton. Jessica Kay Crosslin is the biological daughter of Deborah Clare.

Crosslin filed a petition for letters of administration on June 10, 2014. On June 16, 2014, Crosslin, through counsel, exchanged e-mails with Jodi Sullivan, an administrative assistant for the district court, requesting a date for a hearing on the petition. Crosslin chose July 21, 2014, at 9:30 a.m., as a hearing date and time, and Sullivan informed her that she would "put it on our calendar." Sullivan subsequently entered that date and a hearing time on the court's electronic docket sheet. Crosslin did not, however, submit an order for hearing for signature, and no such order was issued. Crosslin subsequently published a notice of hearing and notice to creditors in the Olathe News.

On July 2, 2014, while that hearing was pending, Shirley Stockton filed a nomination for Christine Clare to be issued letters of administration in Michael's estate. Christine concurrently filed a petition for letters of administration. She also submitted an

2

order for hearing, setting a hearing date of July 21, 2014, at 9:30 a.m., for the signature of the court. On July 3, 2014, the judge signed the order, apparently through an assistant.

Crosslin was appointed administrator of Deborah Clare's estate. Then, on August 25, 2014, the district court entered an order appointing Christine Clare administrator of Michael Clare's estate.

On September 24, 2014, the district court entered an order determining that Crosslin had failed to commence proceedings in a timely fashion because she did not procure an order of hearing. On September 26, 2014, Crosslin, both in her individual capacity and as the administrator of the estate, filed a wrongful death action against Michael Clare's estate; she also filed a timely notice of appeal to the Court of Appeals from the September 24, 2014, order. The Court of Appeals panel affirmed the district court, and this court granted review with respect to the single issue raised on appeal.

Crosslin asks this court to determine whether the district court erred when it held that she failed to satisfy a statutory time limitation for filing a claim against the estate because she failed to obtain a written, signed judicial order setting the matter for hearing.

The facts relating to this issue are uncontested. Application of legal principles to undisputed facts involves questions of law subject to de novo review. See *State v. Morris*, 276 Kan. 11, 15, 72 P.3d 570 (2003).

The governing statute regarding time limitations for claims against an intestate estate is K.S.A. 59-2239(1). In relevant part, it states:

> "No creditor shall have any claim against or lien upon the property of a decedent other
> than liens existing at the date of the decedent's death, *unless a petition is filed* for the
> probate of the decedent's will pursuant to K.S.A. 59-2220 and amendments thereto or *for
> the administration of the decedent's estate pursuant to K.S.A. 59-2219* and amendments

3

thereto *within six months after the death of the decedent* and such creditor has exhibited the creditor's demand in the manner and within the time prescribed by this section, except as otherwise provided by this section." (Emphasis added.)

As is the case with K.S.A. 59-617, which sets a time limitation for passing property under a will and which was the subject of *Rickabaugh*, K.S.A. 59-2239(1) requires only the *filing* of a petition in order to meet the time limitations. Neither statute mentions a requirement of causing the setting of a hearing. Crosslin did all that she was required to do under K.S.A. 59-2239(1):  she filed a petition within 6 months of Clare's death.

K.S.A. 59-2204 further states that a party commences a probate proceeding by filing a petition and then causing it to be set for hearing. The district court held that Crosslin failed to cause her petition to be set for a hearing before the K.S.A. 59-2239(1) statute of limitations expired. This was because Crosslin did not have the court enter a written order for hearing.

We held in *Rickabaugh* that the probate code does not require a particular procedure for setting a hearing. Here, counsel corresponded with the court's administrative assistant, who then set the hearing on the court calendar. The date and time were entered into the district court's electronic docket. We must now consider whether the rules of a particular district court may create a requirement that is absent in the statute.

The district court in *Rickabaugh* noted that different districts follow different practices for setting hearings, and it found that the petitioners had complied with local procedures by requesting that the court set the matter on its docket. The district court in the present case, however, cited specific local rules with which Crosslin apparently did not comply.

4

Johnson County Local Court Probate Rule. 1(A)(1) states:

"It shall be the duty of the filing attorney (or pro se petitioner) to obtain, at the time of the filing of the petition, a hearing date for the hearing of the petition filed, and to provide an 'Order of Hearing' presented to the Court for execution and filing, unless all appropriate documentation, including the entries of appearance, consents and waivers, are filed with the petition."

Local Rule 1(A)(1)(a) states:

"Commencement of any action requires both the filing of the petition and the obtaining of an 'Order for Hearing' (or equivalent). Just filing the petition will not result in the matter being scheduled for hearing and may result in substantial prejudice to the petitioning party."

Local Rule 1(A)(3) states:

"Any order that is for the purpose of scheduling only may be executed by the Court's AA and shall have the same effect as though signed by the Judge in person."

A local rule may not conflict with statutes or Supreme Court rules. Supreme Court Rule 105 (2015 Kan. Ct. R. Annot. 200). The validity of a local rule is also subject to review for its reasonableness. See *Frost v. Hardin*, 218 Kan. 260, 264, 543 P.2d 941 (1975).

As we note in *Rickabaugh*, both our statutes and our caselaw have applied flexibility to the technical requirements for probate procedures. See, *e.g.*, *In re Estate of Dumback*, 195 Kan. 26, 28-29, 402 P.2d 779 (1965) (defect in notice of probate hearing giving interested party 5 additional days beyond statutory limit did not go to jurisdiction

5

of court or render notice of hearing void); *In re Estate of Garnand*, 177 Kan. 168, 171-73, 277 P.2d 602 (1954) (defects in service and form of petition not jurisdictional and not fatal to creditors' claims in probate). Reading an undefined requirement of "causing the setting of a hearing" to equate with "obtaining an executed written order" and thereby denying a creditor-claimant her day in court contradicts the principles of liberal construction of the probate code.

In addition, the local rules do not consistently preclude Crosslin from following the procedures that she took. She communicated with the court, which informed her that the matter had been set on a hearing docket. If the local rule required more from her, then it should not have set the matter on the docket and should have informed her that she needed to submit a written order. The court apparently did not follow its own rule. In *Rickabaugh*, we warned against setting "traps" for attorneys, and this is precisely what happened here.

One local rule allowed a court administrative assistant to execute an order setting a hearing. The Court of Appeals considered that rule irrelevant. To the statutory language requiring "causing a hearing to be set" in order to commence a probate action the Court of Appeals added language requiring orders for service of notice. It also noted that the administrative assistant did not "execute" the order setting the hearing, apparently because designating the docket date on the court calendar was a meaningless act unless the assistant wrote her name on a document.

Furthermore, here, as in *Rickabaugh*, the only possible claim of prejudice would lie in lack of notice. The court had the matter on its docket, and the matter was set for prompt hearing. But there is no assertion of prejudice in the present case. Crosslin published notice, and Clare did not assert that the notice was defective. Keeping in mind that even a technically defective notice does not inherently deprive a probate court of

6

jurisdiction, the lower courts in this case appear to be fixing a nonexistent problem while depriving a legitimate creditor-claimant of the opportunity to present her claim.

Finally, the local rules conflict with the statutory requirements. As we held in *Rickabaugh*, "setting for hearing" simply means that a court places a matter on its hearing calendar. The probate court here placed Crosslin's petition on its calendar. It did so in a timely fashion, which fulfilled the requirements of the statute. Had Crosslin taken the same action under the same statute but in a different county she would have faced no jurisdictional bar. A local rule that adds requirements to the statutory scheme and creates jurisdictional obstacles conflicts with the State probate code and is therefore invalid.

Our decision is consistent with the aim of the probate code:

> "The purpose of the statutes with reference to estates of deceased persons is that their property may be gathered together, the assets collected, the debts paid, so that what remains may be delivered to the legatees, devisees, heirs and distributees, as the case may be. A comparatively speedy result is contemplated. The statutes of nonclaim require creditors to be vigilant and alert." *Lane v. Estate of Wells*, 150 Kan. 261, 263, 92 P.2d 9 (1939).

Permitting a party to initiate the setting of a hearing without the formality of a signed order allows the probate process to move forward expeditiously, while adding a requirement of a written order does not further the objectives of probate.

The decision of the Court of Appeals affirming the district court is reversed. The decision of the district court is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.